*205 Opinion op the Court,
by Ch. J. Boyle.
THIS was an action by Stout, as endorsee, against Cloud, as endorser, of a bill of exchange. The bill is for $2,500, bears date at Lexington, November 18th, 1818, drawn by Daniel Halstead upon Cox and Hart at New-Orleans, payable to Warren Offutt, four months after date, and was endorsed by Offutt to Cloud, and by Cloud to Stout.
On the trial in the circuit court, proof being introduced conducing to show that the bill was in fact made and endorsed on the 20th or 21st of November, 1818 and by the endorsers delivered to the drawer, Hal-stead, the date along being blank, to sell and raise mo *206 ney for his own use, and that he had sold it to the plaintiiF, in whose hand-writing the date was filled, the counsel for the plaintiff moved the. court to instruct the jury, that if they should find that the bill was so drawn, aIU} endorsed and delivered by the endorsers, to Hal-stead, for sale, 'the date being at the time blank, and that he had accordingly sold it to the plaintiff, who filled up the date at the time with the privity and approI,at*on Halstead, without fraud, the defendant was still liable; but the court overruled the motion, and instructed the jury that an authority to fill up the date, a*" a Per*ot^ earI¡er than the endorsement, could not be inferred, although it might, at a later date; and that, if jury should find the blank filled with a date earlier than the endorsement, the time of payment being then inserted without the express assent of the endorsers, the defendant was not liable in the action.
alteration311 has been made by sent, or not, SHF*™
The date of a gives an thority to fill conduce tc>3y show that it was the in*arties thaía Satb^should3 be inserted,
nViL.r+’n o«r sume a fact which a jury to determine* and decide ’ the law arismg-thereon; shouM bo*3 given hypothetically.
To the refusal of the court-to instruct the jury as ask-^y ^ie pla-intiff, and to the instructions given by the the plaintiff excepted; and these exceptions present the only points which occur in the case,
The date of a bill of exchange, where the time of payment is, as in this case, regulated by its date, is, no doubt, material. The date is not, indeed, even in such a case> essei)tial to the validity of the bill; for if it have no date, the time of its payment will be computed from the day it was issued; but there are various parts of an instrument which are material, though not essential to its validity, and of this character is the date of such a bill as the one in question in this case. Nor can there ¡je ar)y doubt, that an alteration of the date, where the t'ate *s matei'*a^ if made without the consent or authority of the parties to the bill, will'avoid it; but where the alteration is made with the consent, or by the authority of the parties to the bill, we can see no reason why the bill should be thereby rendered void; for, unquestionably, the parties must be as competent to alter, as to snake a bill. We are aware that it is said in the English books, that any material alteration made in a bill of exchange, even with the consent or by the authority of the parties to it, will avoid the bill, (Chitty 133, and the cases there cited,) but this is in virtue of the statute of that country requiring a stamp, and not upon the principles of the common law, and it is the latter which we are in this
*207 Bat whether, where an alteration has been made in a bill, it has been done with or without the consent or authority of the parties, must, from the nature of the thing, be in all cases a question of fact, and not of law; and most obviously, therefore, the court cannot be required to instruct the jury that the bill, notwithstanding the alteration, is obligatory upon the parties, unless the instruction be asked upon the hypothesis of the existence of their consent or authority to make the alteration. But, in this case, the instruction refused by the court, was asked, not upon the supposition that the jury should find that the defendant had consented to, or authorised the blank space for the date of the bill, to be filled up, but merely upon the supposition that they should find that the date' was blank when the bill was made and endorsed. Now, we cannot admit that the blank for the date, per se, gave an authority to fill it up. The existence of the blank space for the date, does, we think, conduce to show that it was the intention of the drawer and endorsers, that a date should be inserted, and the existence of such intention is sufficient to have authorised the insertion of the date by the plaintiff; but the blank being only evidence of an authority, and not in itself conferring an authority, the court could not give the instruction asked, without assuming a fact which the jury alone were competent to determine, and of course the court was correct in ,,refusing the instruction.
But, according to these principles, it is plain that the instructions given by the court to the jury, cannot be sustained; for in giving these instructions the court not only assume the existence of an authority, but that the authority was a restricted one, and only authorised the insertion of a date subsequent to the time of the endorsement of the bill; but surely, if it belonged to the jury to infer from the existence of the blank, the intention of the endorsers that it should be filled up, it was equally the province of the jury to draw the inference, whether or not it was their intention that the date should be filled up at the discretion of the holder.
The court below, therefore, erred in the instructions given to the jury, and the judgment must be reversed with cost, and the cause be remanded for a new trial to be had.