# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## CENTRAL GRAND DIVISION.

### JANUARY TERM, 1871.

## ABEL C. BENEDICT *et al.*

*v.*

## JAMES MINER.

1. PROMISSORY NOTE—*alteration—release of surety.* Where a note was so altered as to draw interest a month sooner than it did as it was executed, without the knowledge of the surety on the note, *held* that it released the surety from its payment.

2. RATIFICATION *by surety—what constitutes.* Nor did the fact that he subsequently made a payment on the note, and the principal executed a mortgage to secure him but did not deliver it, amount to a ratification of the change in the note, as he knew nothing of the alteration when he made the payment, and did not know of the execution of the mortgage until some months after it was made.

APPEAL from the Circuit Court of Morgan county; the Hon CHARLES D. HODGES, Judge, presiding.

This was an action of assumpsit, brought by James Miner, on a promissory note for $1,700, dated March 3, 1868, payable the first of the next May, with ten per cent interest after the first of April, signed by defendants, Abel C. Benedict and Theodore E. Curtis. The declaration was in the usual form, to which the general issue, and a plea denying the execution of the note, verified by affidavit, were filed. A trial was had by the court, by consent a jury being waived. On the trial it appeared that the note was so altered, as to draw interest from the first of April, instead of May, as it was executed; that the note was altered with the consent of Benedict, but Curtis was not informed of the alteration.

It also appeared that Curtis, in August following and after the change in the note, paid to Miner $1000, and it was credited on the note in his presence. Also, that Benedict executed a mortgage to Curtis, indemnifying him against loss by signing the note as his security. The evidence shows it was executed, recorded and retained by Benedict some five months, before he informed Curtis of its execution. The court found for the plaintiff, and rendered a judgment in his favor for $876.84, to reverse which this appeal is prosecuted.

Mr. WM. H. BARNES, for the appellants.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In this case, the date from which a note was to draw interest, was altered by the payee, from the 1st of May, to the 1st of April, without the knowledge of the surety. It is admitted this avoided the note as to him, unless he ratified it, which it is claimed he did, by subsequently paying $1000, upon it, and by receiving from the principal a mortgage to secure him from loss on his liability, which describes the note as drawing interest from April 1st. We do not regard either or both of these transactions as amounting to a ratification. The payment

might well have been made, as the surety swears it was, without reading the note over, or doing anything further than simply be satisfied that the person to whom he paid the money endorsed it on the paper signed by him as security. A glance at the signatures would satisfy him of that. As to the mortgage, the proof is, that the principal in the note made the mortgage, had it recorded, took it from the recorder's office and kept it in his possession, and that the security did not know of its existence until months afterwards. We do not see how ratification of the altered note is to be inferred from this. The issues should have been found for the defendants. The judgment is reversed and the cause remanded.

*Judgment reversed.*