KILKELLY vs. MARTIN, impleaded, etc.

PROMISSORY NOTE. (1) *What words treated as part of a note, when it is offered in evidence.* (2–4) *When change of note after making discharges liability.*

1. The words "ten per cent. interest if not paid before due," found written on the face of a note when offered in evidence, partly on the same line as the last word in the printed form, and before the signature, and partly on a lower line, *held* to be *a part of the note* as it then existed.
2. If such words were written after the note was signed by the makers, with the knowledge and consent of the holder, but without the knowledge or consent of the party sought to be charged, the liability of the latter was thereby extinguished.
3. Whatever may be the rule as to sealed instruments, it is well settled that the alteration of an instrument not under seal, made by one party with the assent of the other, will not render the instrument void. And as to such instruments the assent of a party to an alteration *already made,* has the same effect as an original grant of authority to make such alteration.

4. The jury was instructed that if the appellant (who signed the note as surety), after he became aware of the alteration, sanctioned it by agreeing to pay the note, the plaintiff could recover against him. There was no evidence that appellant, after such alteration was made, ever agreed to pay this note or be bound by it, but only that he offered to give plaintiff *another note* for the amount *at sixty days*, with security, and that this offer was rejected. *Held*, that the giving of the instruction was error, for which the judgment must be reversed.

APPEAL from the Circuit Court for *La Fayette* County.

This action was originally brought in a justice's court, against Hall and *Martin*, on a note purporting to have been executed by Hall, and by *Martin* as surety, payable six months after date to the plaintiff or his order.   In making the note a printed form was used, which, after the specification of the principal sum, contained originally the following printed words: "*Interest at ten per cent.* per annum after due.   Value received;" but the words here printed *in italics* were struck out before the note was signed.   When the note was produced in the justice's court, the words "Ten per cent. interest if not paid when due" were found on the face thereof, in writing; three of them being immediately after the words "Value received," on the same line, and the others on the line below.   Neither of the defendants appeared in the justice's court; and plaintiff took judgment against both for the principal sum named in the note, with interest thereon at ten per cent. after the date.   *Martin* took an appeal to the circuit court; and there, by leave of the court, put in an answer, alleging that the note, after he signed it, had been altered without his knowledge or consent, by adding the words, "Ten per cent. interest if not paid when due;" and that said alteration had never been ratified by him, nor had he ever agreed to pay the note since he knew of the alteration.

On the trial in the circuit court, an objection was made to the introduction of the note in evidence, on the ground that it appeared on its face to have been altered after the making thereof. It appeared that on the day the note was signed, Hall went to

the house of *Martin* and asked him to sign a note as surety; that thereupon *Martin* filled out a printed form of note, striking out he words "interest at ten per cent.," and he and Hall signed it; that Hall took the note away to the house of *Kilkelly*, and that there, without the knowledge or consent of *Martin*, the note was altered by *Kilkelly's* daughter at the direction of *Kilkelly* and Hall, by writing, in the manner above described, the words "Ten per cent. interest if not paid when due." The plaintiff testified, among other things, that he demanded payment of the note before suit was brought, of *Martin* and Hall; that *Martin* offered to give a new note, payable in sixty days, with security, if plaintiff would wait, which he refused to do; and that at this time he showed *Martin* the note; that after suit had been brought on the note, he saw *Martin* again, and showed him the note, when *Martin* offered, if he would withdraw the suit, to give his note for sixty days. *Martin*, as a witness in his own behalf, denied that the plaintiff had ever shown him the note, and testified that he had never consented in any way to the alteration.

The instructions given sufficiently appear from the opinion.

Verdict for the plaintiff; new trial denied; and defendant appealed from a judgment on the verdict.

*Henry S. Magoon*, for appellant:

1. *Martin* being only a surety, his contract is to be strictly construed, and cannot be varied without his consent. *Miller v. Stewart*, 9 Wheat., 680; *Ludlow v. Simond*, 2 Caines' Cas., 57; *Straton v. Rastall*, 2 Term, 370; *Myers v. Edge*, 7 id., 250; *Wright v. Russell*, 3 Wilson, 530; *King v. Baldwin*, 2 Johns. Ch., 560. Any unauthorized alteration which may prejudice him, discharges the surety. *Smith v. U. S.*, 2 Wall., 219; *Miller v. Stewart*, 4 Wash. C. C., 26; *Leggett v. Humphreys*, 21 How. (U. S.), 66; *Burnham v. Ayer*, 35 N. H., 351; *Riley v. Gregg*, 16 Wis., 666; *Greely v. Dow*, 2 Met., 178; *Colemard v. Lamb*, 15 Wend., 332; *McVean v. Scott*, 46 Barb., 379; *Lisle v. Rogers*, 18 B. Mon., 528; *State v. Van Pelt*, 1 Smith (Ind.), 118; 2

Barr, 54; 7 Ired., 424; 7 Blackf., 27, 61.    2. If a note be altered in a material point, by consent of one signer without that of the other, the latter is discharged.    *Crockett v. Thomason*, 5 Sneed, 342; *Broughton v. Fuller*, 9 Vt., 373; *Goodman v. Eastman*, 4 N. H., 455, *Farmer v. Rand*, 2 Shep., 225; *Buck v. Appleton*, id., 284; *Hervey v. Harvey*, 3 id., 357; *Dewey v. Reed*, 40 Barb., 16; *Bowers v. Briggs*, 20 Ind., 139; *Miller v. Gilleland*, 19 Pa. St., 119; *Chappell v. Spencer*, 23 Barb., 587. 3. The alteration here was material.    *Brown v. Jones*, 3 Port. (Ala.), 420; *Lubbering v. Kohlbrecher*, 22 Mo., 596; *Whitmer v. Frye*, 10 Mo., 348; *Trigg v. Taylor*, 27 id., 245; *Ivory v. Michael*, 33 id., 398; *Presbury v. Michael*, id., 542; *Sutton v. Toomer*, 7 Barn. & Cress., 416; *Warrington v. Early*, 2 Ellis & Bl., 763; *Waterman v. Vose*, 43 Me., 504; *Dewey v. Reed*, 40 Barb., 16.    4. The note should not have been admitted in evidence until the alteration (which appeared on its face) was explained.    *Ross v. Gould*, 5 Greenl., 204; *McMicken v. Beauchamp*, 2 Miller (La.), 290; *Hill v. Calvin*, 4 How. (Miss.), 231; *Low v. Merrill*, 1 Pin. Wis., 340; *Schwalm v. McIntyre*, 17 Wis., 232; *Henman v. Dickinson*, 5 Bing., 183; *Gillett v. Sweat*, 1 Gilm., 475; *Clark v. Eckstein*, 22 Pa. St., 507; *Simpson v. Stackhouse*, 9 Barr, 186; *Abbe v. Rood*, 6 McLean, 106; *Tillou v. Ins. Co.*, 7 Barb., 564; *Chappell v. Spencer*, 23 id., 587; *Herrick v. Malin*, 22 Wend., 388.    5. A material alteration cannot be remedied by a subsequent parol assent of the surety. *Sans v. The People*, 3 Gilm., 327; *Walters v. Swallow*, 6 Whart., 446.    See also *Whitmer v. Frye, supra; Wood v. Steele*, 6 Wall., 80; *Newell v. Mayberry*, 3 Leigh (Va.), 250; *Martendale v. Follet*, 1 N. H., 95.    6.    After the original contract of the surety had been rendered void, he could not, under the statute of frauds, be again made liable for the debt of Hall, without signing and delivering the note anew upon a proper consideration. R. S. 1858, p 613, sec. 2; *Emerick v. Sanders*, 1 Wis., 77; *Taylor v. Pratt*, 3 Wis., 674; *Reynolds v. Carpenter*, 3 Chand., 33; *Sans v. The People, supra*; 17 Wis., 232.

Kilkelly vs. Martin, impleaded, etc.

*Orton & Osborn,* for respondent:

1. The words added are in the margin of the note, and are disconnected from it, and they must be regarded as a *memorandum,* not designed to change the contract signed by *Martin.* It is for the court to construe the added words; and if the court construe them as no part of the note, no alteration has been made. In that view the writing alone, and not the parol testimony, determines the intention of the parties. *American Nat. Bank v. Bangs,* 42 Mo., 450; *Carr v. Welch,* 46 Ill., 88. 2. There was an implied authority given by *Martin* to Hall to insert such a rate of interest as the parties might agree upon. *Kitchen v. Place,* 41 Barb., 465; 2 Parsons on Bills, 565, 566; *Spitler v. James,* Law Reg., 1870, 605; *Visher v. Webster,* 8 Cal., 109; *Bank v. Kimball,* 10 Cush., 373; *Vliet v. Camp,* 13 Wis., 199; *Van Etta v. Evenson,* 28 id., 33; *Johns v. Harrison,* 20 Ind.; 317; *Bank of Pittsburg v. Neal,* 22 How. (U. S.), 96; *Michigan Bank v. Eldred,* 9 Wall., 544. 3. The evidence of *Kilkelly* that *Martin* promised to renew the note, *after looking at it,* although denied by *Martin,* tended to show that the latter sanctioned the alteration. This was a question for the jury; and if there was any evidence, the verdict will not be disturbed. *Kennedy v. Bank,* 18 Pa. St., 347; *Humphrey v. Guillow,* 13 N. H., 385; *Collins v. Makepeace,* 13 Ind., 448; *King v. Bush,* 36 Ill., 142; *Harrison v. Bailey,* 99 Mass., 620; *Nat. Bank v. Ashworth,* 105 id., 503. 4. The original contract bound *Martin* to pay seven per cent. interest after the note was due. The verdict is only for seven per cent., and this is all the plaintiff claimed. He offered to restore the contract as originally made. In the absence of fraud, this entitled him to recover the amount due on the original contract. 2 Parsons on Bills, 570; *Kountz v. Kennedy,* 63 Pa. St., 187, or 3 Am. Rep., 541.

DIXON, C. J. The words "ten per cent. interest if not paid when due," written, the first three of them in the last line of the printed form after the printed words "value received," and

before the signatures of the makers, and the residue of them below that line, clearly constituted a part of the note offered in evidence at the trial. The same words, if inserted before signing and with the assent of the makers, would have been considered a part of the contract, as much as if they had been written in the body of the note and entirely above the signatures of the makers. *Warrington v. Early*, 2 Ell. & Bl., 763 [75 E. C. L., 763], is a decision fully in point upon this question. It was there held that the addition, in the corner of the note, "interest at six per cent. per annum," made after it had been signed, without the assent of the maker, but with the assent of the holder, materially altered the contract, and that the holder could not recover on the note against the maker. Lord CAMPBELL, C. J., delivering the opinion of the court, said: "The alteration was fatal. The note was made, payable six months after date with lawful interest. The holder, the present plaintiff, is a party to the addition, in the corner of the note, of the words 'interest at six per cent. per annum.' That, we think, was made part of the contract: had it been inserted in the body of the note, it would have unquestionably been so ; and, though it was inserted in the corner, if that had been done before the note was signed, it would have bound the maker, inasmuch as the effect of a written contract is to be collected from all within the four corners of the instrument." And quite to the same effect also are the cases of *Newell v. Mayberry*, 3 Leigh, 250, and *Wait v. Pomeroy*, 20 Mich., 425 (4 Am. R., 395). And see likewise, 2 Parsons on Bills and Notes, 539, and cases cited.

The court below was correct in the general proposition held in the charge, that the alteration of a written instrument in a material point, with the knowledge or consent of the holder and party claiming under it, but without the consent of the party sought to be charged, extinguishes the liability of the latter. Such an alteration makes the contract void, and so

long as it remains in that condition no recovery whatever can be had upon it. In this all the authorities agree.

This brings us to the question of ratification or subsequent assent on the part of the maker or person to be charged, and whether such assent may be shown by way of restoring validity to the instrument. Two cases are cited by counsel for the defendant to show that subsequent parol assent is insufficient for this purpose; but in both those the question arose upon instruments under seal, and it was held that such assent was unavailing: *Sans v. The People*, 3 Gilman, 327; *Cleaton v. Chambliss*, 6 Randolph, 86. The opposite doctrine was held upon an instrument of the same nature in *Hill v. Scales*, 7 Yerger, 410. There are technical rules, still adhered to in some courts, that an attorney to execute a sealed instrument must be authorized by an instrument under seal, and that authority to insert anything in a sealed instrument after a delivery cannot be implied, or be expressly given by parol. Adherence to these rules would of course exclude the possibility of subsequent parol ratification with respect to instruments of the kind which had been so executed, or in which any words had been inserted or any alteration made after delivery, and nothing but a redelivery would suffice to make the instrument valid and effectual. The cases relied upon by counsel seem to have been decided in view of and in conformity to these technical rules, whilst in that last cited such rules were rejected. The same rules have been rejected by this court. *Van Etta v. Evenson*, 28 Wis., 33.

But no difficulty of the kind arises in the case of simple contracts. The rule is well settled, that an alteration of an instrument not under seal, by one party, with the assent of the other, will not render void the instrument; and if this be so, then his assent, given after the alteration was made and where knowledge of it was brought to him, ought to have the same effect and be in all respects equivalent to such assent previously given or to an original authority granted, according to

the maxim, *omnis ratihabitio retrotrahitur et mandato aequipara-tur.* And upon this question we find no disagreement among the authorities. *Humphreys v. Guillow,* 13 N. H., 385; *Perring v. Hone,* 4 Bing., 28 [13 E. C. L., 328]; *Kennedy v. Lancaster Co. B'k,* 18 Pa. St., 347; *King v. Bush,* 36 Ill., 142; *Collins v. Makepeace,* 14 Ind., 448.

It being established that the note would have become valid and obligatory upon the subsequent verbal assent of the defendant that he would be bound by it as altered, the next point of inquiry is, whether there was any evidence of such assent to justify the submission in manner as made by the court to the jury. The jury were instructed that "if, after the defendant became aware of the alteration, he sanctioned the alteration by agreeing to pay the note, the plaintiff can recover; otherwise not." The bill of exceptions, certified to contain all the evidence, shows that there was no testimony upon which to found such instruction, and that the submission in that form was unauthorized. There was no evidence that the defendant ever agreed to pay the note in suit or to be bound by it. The only evidence was that the defendant offered to give his note, payable in sixty days, with security, if the plaintiff would wait, which offer the plaintiff refused to accept. Such was the testimony of both plaintiff and defendant, in which they entirely agreed, and there was no other evidence upon the subject. This was at most only an offer on the part of the defendant to become bound for the payment of the debt in a particular way. It was a conditional offer or proposition for a settlement, and not a promise, conditional or otherwise, to pay the note in suit or to be bound by that note. Considering that the defendant, who was but a surety in the note for the principal and so owed nothing except as he was bound in the capacity of joint maker, had been released from all obligation of payment because of the alteration which had been made without his assent, and that the note had become as to him of no more efficacy than a piece of blank paper without a signature, it follows

as a necessary consequence that he was at liberty, in assuming a new obligation to pay, or in ratifying the previously unau-. thorized alteration, to make such terms and conditions as he saw fit, and unless they were complied with he remained as before, discharged and free from all liability to the plaintiff in the premises. This proposition is too plain to require further exposition.

Our conclusion therefore is, that the court erred in its submission of this question to the jury, and that the verdict upon this ground cannot be sustained.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.