CHARLES N. PROUTY, administrator, *vs.* JONAS WILSON.
SAME *vs.* LAURINDA W. CRAWFORD, administratrix.

Worcester. October 2. — 3. 1877. ENDICOTT & LORD, JJ., absent.

In an action on a promissory note by the administrator of the payee there was evidence that, on the death of the payee, the note, in a division of the personal property made before the appointment of the administrator, fell to a daughter, who by an agent demanded of the principal maker payment of the note; that the maker replied that it was not convenient for him to pay it but agreed to pay interest at eight per cent; that the agent thereupon wrote the words "at eight per cent" on the note in the presence and with the assent of the maker; that a surety on the note, when told of the maker's agreement, after his death, and when shown the note so altered, paid the interest at eight per cent. *Held,* that the legal title to the note was in the administrator, and that he could maintain an action upon it. *Held, also,* that the evidence would warrant the jury in finding that both the maker and the surety assented to and ratified the note in its altered form, and thereby agreed to pay the same to the lawful holder for the sufficient consideration of an agreement to forbear, and an actual forbearance, by those who apparently had the actual control of the note and the equitable interest therein.

TWO ACTIONS OF CONTRACT, by the administrator of Isaac Prouty, upon the following promissory note, signed by Samuel Crawford and Jonas Wilson. "Spencer, January 10, 1863. For value received I Samuel Crawford as principal, and I Jonas Wilson as surety, jointly and severally promise to pay Isaac Prouty or his order four hundred dollars on demand with interest at 8 per cent." Writs dated November 4, 1875. The cases were tried together in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows:

The defendant in the second case is the administratrix of Samuel Crawford, who died in 1874.

The plaintiff admitted that the note had been altered by adding the words "at 8 per cent.;" and introduced evidence tending to show that Isaac Prouty died on January 27, 1872, and the plaintiff was appointed administrator on April 2, 1872 that

before February 5, 1872, Isaac Prouty's children made a division of the personal property among themselves, and the note in question fell to Mary Prouty; that on February 5, 1872, Samuel Crawford came to the house where Mary Prouty and her brother Jason lived, to pay his interest, which he was then paying at the rate of $7\frac{3}{10}$ per cent., by an agreement which had been made between him and Isaac Prouty; that on February 5, 1872, Jason Prouty, acting for his sister and in her presence, told Crawford that they should like the principal of the note, to which Crawford replied, that it was not convenient for him to pay it, and Prouty said they ought to make their money pay more than $7\frac{3}{10}$ per cent., and Crawford agreed to pay eight per cent.; that Jason Prouty thereupon in Crawford's presence, and with his assent, wrote upon the note the words "at 8 per cent.;" that Crawford before the next payment of interest died; and that the next payment of interest was by Crawford's son.

The plaintiff also introduced evidence tending to show that the last payment of interest was made by the defendant Wilson; that he went in September 1874, to pay the interest, and desired to look at the note, which was shown him by Jason Prouty again acting for his sister and in her presence; that Wilson remarked that the note was written to be at six per cent.; that Jason Prouty said "Yes," but that two years before an agreement was made with Crawford to pay 8 per cent., and that he then made the alteration; that Jason Prouty then related to Wilson what was said and done at the interview between him and Crawford on February 5, 1872, as above recited; and that then Wilson paid the interest at 8 per cent., and Jason Prouty indorsed it on the note in Wilson's presence.

Evidence was introduced for the defendants, contradictory of the plaintiff's testimony on various material matters of fact, but there was no further or other evidence than the above, tending to sustain the plaintiff's claim.

The defendants asked the judge to rule that there was no evidence in the case that would authorize the jury to find a verdict for the plaintiff; that the fact that the note was altered after the death of the plaintiff's intestate under the circumstances developed by the evidence would prevent the plaintiff from recov-

ering ; and that there was no evidence of any consideration for the alteration and increased rate of interest, so far as Jonas Wilson was concerned, to entitle the plaintiff to recover as against him.

The judge refused so to rule ; but instructed the jury that there was evidence on which they might be authorized to find a verdict in each case ; that the fact of the alteration having taken place after the death of the plaintiff's intestate would not prevent a recovery ; that, although it was necessary for the plaintiff to show a consideration for an increased rate of interest, there was evidence of an agreement of forbearance which would be a sufficient consideration in both cases. The jury returned a verdict for the plaintiff in each case ; and the defendants alleged exceptions.

*G. F. Verry & F. A. Gaskill,* for the defendants.

*W. S. B. Hopkins,* for the plaintiff, was not called upon.

BY THE COURT. The legal title in the note was in the administrator of the payee. The evidence warranted the jury in finding that both the defendants assented to and ratified the note in its altered form and thereby agreed to pay the same to the lawful holder, for the sufficient consideration of an agreement to forbear and an actual forbearance by those who apparently had the actual control of the note and the equitable interest therein. *Exceptions overruled.*