WILLIAM STEWART AND WALLACE AMES, IMPLEADED ETC. v. THE FIRST NATIONAL BANK OF PORT HURON.

*Alteration of negotiable paper.*

An endorser's consent to the alteration of paper need not be in writing.

Three notes drawn to the same payees were endorsed by all of them, but after one had been negotiated, two of the endorsers were allowed to have their names erased.    This was done with the consent of all the endorsers but one, and he, on being

informed of it, recognized his liability on the paper. *Held* that he thereby ratified the alteration of the first note and authorized the negotiation of the other two with the same change.

Endorsers of negotiable paper who are named as payees in it are liable on it only as endorsers, and are entitled to notice of dishonor.

Error to St. Clair.   Submitted Jan. 17.   Decided Jan. 31.

Assumpsit.   Defendants Stewart and Ames bring error.

*Whipple & Voorheis* for plaintiffs in error.

*O'Brien J. Atkinson* and *Elliott G. Stevenson* for defendant in error.   If an endorser on a note assents to an alteration after it has been made, he is bound, (*Gardiner v. Harback*, 21 Ill., 128; *Pelton v. Prescott*, 13 Ia., 567; *Commercial Bank v. Warren*, 15 N. Y., 577; Brandt on Suretyship, pp. 334, 450), and a subsequent ratification of an unauthorized act is equivalent to precedent authority and relates back to the time it was done (*Martin v. Judd*, 60 Ill., 78; *Paul v. Berry*, 78 Ill., 158; *Dow's Ex'r v. Spenny's Ex'r*, 29 Mo., 387), and no new consideration is necessary for the subsequent assent, *First Nat. Bank v. Gay*, 63 Mo., 33.

Campbell, C. J.   Suit was brought by the bank on three negotiable promissory notes of $500 each, made at three months each, on April 5th, May 10th, and June 9th, 1876, by the Daniels Italian Marble and Burial Case Company to the order of seven persons of whom plaintiffs in error formed a part.   These notes were given to raise money for the marble company, and were originally endorsed by nine directors.   Stewart's name was signed last on each one, but all three were signed at the same time though dated at different times.   After the first note had been negotiated at the bank an arrangement was made with the bank's consent whereby two of the endorsers named Baer and Greib were allowed to have their names erased, on making certain arrangements with the marble company.   The second and third notes were

negotiated after the names were erased. All the endorsers but Stewart were direct parties to this agreement. There was evidence that he was informed of it before the two latter notes were negotiated, and that he recognized his liability and dealt with the bank on the basis of responsibility. On this there was conflicting testimony. The jury found expressly that he consented and admitted an unqualified liability.

There was testimony authorizing this finding, and unless there were erroneous charges there can be no doubt of his having become bound by the endorsement. His consent was a very clear ratification, and as to the two latter notes, being given before the notes were put in circulation, it was really an antecedent authority.

The court charged that unless the jury had clear and convincing proof that Stewart since the alteration, with full knowledge of it, had acknowledged his liability, there could be no recovery against him. There is no authority that we are aware of, requiring such consent to be in writing. The doctrine on this subject is recognized in *Parsons v. Dickinson*, 23 Mich., 57.

All of the other objections are rendered unimportant by the special finding except one, which is erroneous. The judge charged that the defendants were absolutely liable as makers whether there had been any dishonor and notice or not. This was not a correct charge. The parties sued were persons named as payees in the note which was payable to their order and endorsed. There is no rule which makes them liable except as endorsers, and no authority has been cited in any way favoring such a notion. The law has been uniform on this subject. No evidence of notice of dishonor or of timely demand is set forth in the record, and this charge may have led to a wrong verdict.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.