JACOBS v. GILREATH.

1. AMENDMENTS.—The right of the Circuit Judge to permit amendments should be liberally construed, and where one was granted before trial, and did not make a new cause of action, nor substantially change the claim, it was properly granted.

2. IBID.—NOTE—NEW PROMISE.—The breach of 'a debt, and not the evidence of it as expressed in a note, is the cause of action; therefore, when plaintiff sued on a note alleging payments, an amendment, alleging a new promise from these payments made before action on the note was barred, did not make any new cause of action.

3. CASES CRITICISED.—Fleming *v.* Fleming, 33 S. C., 508, and Parks *v.* Brooks, 38 S. C., 300, followed and justified.

4. IBID.—This case followed in another case on same facts.

Before WALLACE, J., Greenville, October, 1893.

These were two actions commenced on the same day, February 8, 1893, by R. H. Jacobs—the first against Mattie Gilreath, and the second against Mattie Gilreath, W. H. Cauble, and J. E. Cauble. The pleadings and proceedings are stated in the opinion of this court in the first case. These pleadings and proceedings were the same in the second case, except that the note was given by H. G. Gilreath and the three defendants, on January 10, 1885, payable at six months, and was under seal, with credits endorsed from January 10, 1886, to March 1, 1892. The two cases were separately heard at the same term, the same counsel being engaged, and were decided by separate opinions.

*Mr. W. H. Irvine,* for appellant.

*Mr. James I. Earle,* contra.

March 22, 1894. The opinion of the court in the first case was delivered by

MR. JUSTICE POPE. The plaintiff, on the 8th day of February, 1893, commenced his action against the defendant. His complaint was as follows: 1. That the above named defendant, on the 1st January, 1886, together with one H. G. Gilreath, executed and delivered to said plaintiff his promissory note, of

which the following is a copy, to wit: "$550. Twelve months after date we or either of us promise to pay R. H. Jacobs or order, five hundred and fifty dollars, for value received, with interest from date at ten per cent. per annum until paid. Jan. 1st, 1886. Mattie Gilreath, H. G. Gilreath." 2. That no portion of said note has been paid by discount or otherwise, except as follows, to wit: Fifty-five dollars on January 1st, 1887; fifty-five dollars on January 1st, 1888; fifty-five dollars on April 27th, 1889; fifty dollars on January 27th, 1890; fifty-five dollars on January 10th, 1891; twenty dollars on January 2d, 1892, and fifteen dollars on May 9th, 1892. 3. That the plaintiff agreed that after January 1st, 1891, the said note should bear interest at the rate of eight per cent. per annum until paid. 4. That the plaintiff is the legal owner and holder of said note, and there is now due and remaining unpaid on the same the sum of five hundred and fifty dollars, with interest from the 1st January, 1886, until the 1st January, 1891, at ten per cent. per annum, and from the 1st January, 1891, at the rate of eight per cent. per annum, less the credits set out in paragraph two of said complaint.

On the 28th February, 1893, the defendant answered: 1st. That this defendant was at the time of the execution of the note, a copy of which is set out in the complaint, a married woman, the wife of the said H. G. Gilreath, whom it is alleged signed the note with her. 2d. That this defendant signed the said note as the surety of her husband, the said H. G. Gilreath, since deceased, and that it had no reference to the separate property or estate of the defendant, being neither for her individual benefit nor for the benefit of her individual estate, or any part thereof. 3d. That as to the payments alleged to have been made upon said note, this defendant has no personal knowledge, and, therefore, presumes that the payments have been correctly set forth, and that they were made by her deceased husband, the said H. G. Gilreath. This defendant, however, does deny that she ever made any payment on said note, either personally or by any one acting for her, or in her behalf. 4th. This defendant further alleges that plaintiff's cause of action accrued more than six years next preceding

the commencement of this action, and is, therefore, barred by the statute of limitations, which she pleads in bar thereof. 5th. The signing of the note by this defendant and said H. G. Gilreath, on January 1st, 1886, defendant admits, but alleges that it was done under the circumstances hereinbefore set forth, so far, at least, as this defendant is concerned, and she alleges that so far as her information extends that the note was given to secure money borrowed by this defendant's husband, the said H. G. Gilreath, of R. H. Jacobs, the plaintiff, who at the time of said transaction knew that it was not for the benefit of this defendant or for her separate estate, and she denies each and every allegation of the complaint, save as herein admitted and explained.

On the 27th September, 1893, the plaintiff gave notice that he would move his honor, Judge Wallace, on the 2d October, 1893, for an order for leave to amend his complaint by adding the words, "and that at the time each of the payments was made, and thereupon and thereby the said defendant promised to pay the balance due on said note," at the end of paragraph two of said complaint. After argument the judge allowed the amendment by his order therefor, dated 6th October, 1893. [1] From this order defendant has appealed upon the single ground: Because his honor erred in permitting plaintiff to amend his complaint, so as to alter the suit from an action on the note to an action on the alleged new promise, arising from operation of law from certain alleged payments, said amendments, as defendant will contend, converting the original complaint into a new, separate, and distinct cause of action.

It has been so often said by this court, in its opinions touching the right of parties to amend their respective pleadings under the provisions of our Code, that such provisions are liberal and ought to be so, that it is useless to cite authority for such liberality. A distinction is drawn between instances where amendments are applied for before the trial and those applied for pending trial. This court has stated that, under section 194 of the Code, if application is

---

[1] At chambers before the time for trial.—REPORTER.

made while trial is not pending, and such "amendment does
not change substantially the claim or defence," it is perfectly
legitimate for the Circuit Judge, to whose discretion the law
has confided the exercise of this delicate duty, to order such
amendments to be made. *Hall* v. *Woodward*, 30 S. C., 574;
*Wallace* v. *Railroad Company*, 37 *Id.*, 340. Of course, such an
amendment cannot set up a cause of action where no cause of
action at first was stated. *Lilly* v. *Railroad Company*, 32 S. C.,
142. Nor can such amendment set up any cause of action
which has originated since the action was commenced. *Moon*
v. *Johnson*, 14 S. C., 436.

Now, in the case at bar, what was plaintiff's cause of action?
What right did he allege that it was the duty of the defend-
ant to respect, but which she, on the contrary, had
invaded? It was the debt the plaintiff alleged that the
defendant owed him and that she refused to pay. Much
confusion is produced by a failure to discriminate between the
debt and its evidences. An account of a customer transcribed
on a merchant's books against his customer is not the debt, it
is but an evidence of the debt. A note for a given sum of
money is not the debt, it is but the evidence of it. Chief Jus-
tice McIver, in this pointed and carefully considered language,
drew attention to this matter in the case of *Park* v. *Brooks*, 38
S. C., 304: "While it is quite common to speak of 'an action
on a note,' or to characterize the note as the 'cause of action,'
yet neither of these expressions are technically · accurate.
Properly speaking, a note is never the cause of action, but it
is the breach of the promise evidenced by the note which con-
stitutes the cause of action; and the action is upon such breach
and not upon the note."

In the case at bar, in paragraphs one and two of the com-
plaint the plaintiff set out the note by a copy thereof, and
then the dates and amounts of payments made. The note
matured on the 1st January, 1887, but payments were made
up to May, 1892. The debt due by the defendant to the plain-
tiff was the sum of $550, less the credits. These credits or
payments were all made before the statutory period of six
years had expired. Our Code, however, provides, in section

131, that "payment of any part of principal or interest is equivalent to a promise to pay," and will bar the statute. The two cases of *Flemming* v. *Flemming*, 33 S. C., 508, and *Park* v. *Brooks*, 38 *Id.*, 300, have settled the rule in this State to be, that where payments of principal or interest on a debt are relied upon as promises to pay, to avoid the bar of the statute, the same must be complained upon as such. If such payments are made on the debt before the statutoty period has expired, it is called a *legal* consideration of such promise to pay, but if made after the statutory period has expired, such payment is called a *moral* consideration for the promise to pay. The plaintiff here had stated the fact of such payments of principal or interest, but had not alleged the promise in so many words. His cause of action, it must be remembered, was the debt. So, therefore, when he offered to amend by alleging the promise to pay, arising from the facts of such payments of principal and interest within the statutory period, he was still confining himself to his original cause of action, and when the Circuit Judge allowed the amendment to be made, he did not err. It seems to us that the cases of *Sibley* v. *Young & Napier*, 26 S. C., 415, and *Harvey* v. *Hackney*, 35 *Id.*, 361, are decisive that Judge Wallace committed no error here.

Appellant, in the course of an unusually lucid argument, refers to what he conceives to have been the effect of the decisions of *Flemming* v. *Flemming*, *supra*, and *Park* v. 3 *Brooks*, *supra*, as unsettling the entire practice of the State in reference to suits on notes where the bar of the statute is complete, except for payments thereon. While we might be content to await that calm judgment, which is so happy in its effect in reconciling the minds of men to accept the inevitable, when experience shows the "inevitable" to have been right from the beginning, yet it sometimes appears better to deal frankly with such matters, whenever a proper occasion presents itself therefor. In 1838, in the case of *Reigne, assignee,* v. *Executor of Desportes, et al.*, Dudley, 118, the late Chief Justice O'Neall reviewed in a most admirable manner the cases in our State, those of the U. S. Supreme Court, our sister States, and those of England, referring to the effect of a

promise to pay a debt, barred by the statute of limitations, and declared that such a promise, including partial payments, constitutes a new cause of action, which a party, who would avail himself of, must declare upon in the words in which it was made, or *according to its legal effect.* Equally explicit was Judge Wardlaw, in *Smith* v. *Caldwell*, 15 Rich., 365. So this court held in *Walters* v. *Kraft*, 23 S. C., 578, and *Dickson* v. *Gourdin*, 29 *Id.*, 343. Under the pleadings in force in, this State, prior to 1870, when the Code was adopted, a special count was used to plead such promise. Now, however, it must be complained upon as the cause of action. The decisions have made no new practice; they have only adhered to rules in pleading hoary with age.

It is the judgment of this court, that the order appealed from be affirmed and the appeal dismissed.

March 22, 1894.   The opinion in the second case was delivered by

MR. JUSTICE POPE. This action was commenced by the service of a summons and complaint on the 8th day of February, 1893. After the defendants had answered, denying all liability to the plaintiff for the debt sued on, and pleading the statute of limitations as a bar to plaintiff's action, plaintiff gave notice of an amendment he would ask leave of Judge Wallace to have inserted in the second paragraph of the complaint. After argument, Judge Wallace, on the 4th October, 1893, made an order allowing the amendment. Thereupon the defendants appealed therefrom, on the single ground that "his honor erred in permitting plaintiff to amend his complaint so as to alter the suit from an action on the note to an action on the alleged new promise arising by operation of law from certain alleged payments; said amendments, as defendants will contend, converting the original complaint into a new, separate, and distinct action."

After a careful consideration of the point here raised, and on the authority of the case of R. H. Jacobs *v.* Mattie Gilreath, which we have just decided, and which involves the identical

point here raised, we must dismiss the appeal and affirm the order of Judge Wallace appealed from.