[No. 1153, January 16, 1907.]

STRINGFELLOW & TANNEHILL, Appellees, v. W. W. PETTY, Appellant.

### SYLLABUS.

1. A verdict on conflicting evidence will not be disturbed on appeal.

2. One who had an account at a store agreed to pay interest on the account, and to give his note for the account. A salesman of the creditor, who was ignorant of the agreement as to interest, prepared a note which did not include accrued interest, and, on discovering the omission, the secretary of the creditor, a corporation, altered the note so as to bring the amount up to the principal and interest, and the debtor ratified the alteration. Held, that the debtor could not escape liability on the note under the principle that a forgery cannot be ratified.

Appeal from the District Court for Chaves County, before W. H. POPE, Associate Justice. Affirmed.

KARL A. SNYDER, for Appellant.

Under the laws of New Mexico an open account can only bear interest at the rate of six per cent per annum, commencing six months after the delivery of the last item therein. Compiled Laws 1897, Sections 2550 and 2552.

Where plaintiff alters note in absence of defendant and without his consent and where no mistake had been made the alteration is fraudulent and in fact as well as law, a forgery, and no recovery could be had on its original or its altered terms. Cyc. of Law & Proc., Vol. 2, p. 182, paragraph (c); Walsh v. Hunt (Cal.), 39 L. R. A., page 697; Walton Plow Co., v. Campbell (Nebraska), 16 L. R. A., page 470; Cyclopedia of Law and Procedure, Vol. 2, Note 3, page 182; Id. par. 4, page 181; Id. pages 177, 178 and 179; Ruby v. Talbott, 5 N. M. 251, 21 Pac. Rep. 72; Wilson v. Hayes, (Minn.) 4 L. R. A. page 196; Note; Huntington v. Finch, 3 Ohio St. 445; First Na-

tional Bank v. Fricke, 75 Mo. 178; Vanauken v. Horn-beck, 14 N. J. Law, 178; Eckert v. Pickel, 59 Iowa 545; Meyer v. Huneke, 55 N. Y. 412; Woodward v. Anderson, 63 Iowa 503; Rice on Evidence, page 853, and cases cited; Bigelow on Fraud, Vol. 2, pages 637 and 641; Abbott's Trial Brief on Facts, page 156, Sec. 9.

A forgery cannot be ratified. Wilson v. Hayes, 4 L. R. A. 202; 42 N. W., Rep. 467; McHugh v. Schuylkill Co., 67 Pa. 391; Henry v. Heeb, (Indiana) 14 Western Reporter, 84; Ferry v. Taylor, 33 Mo. 334; Workman v. Wright, 33 Ohio State, 405; Montgomery v. Crosthwaite, 12 L. R. A., 140, Note; Compiled Laws of New Mexico, 1897, Secs. 2554 and 2926; Valley Bank of Phoenix v. Brown, 83 Pac. Rep. 362.

An alteration works the destruction of the paper in such sort that no rights can be asserted under or proved by it; if there can be any recovery at all, it must be upon other evidence. Cyclopedia of Law and Procedure, p. 181, par. 4.

If the evidence does not reasonably support the verdict, it should be set aside. Yarnell v. Kilgore, Oklahoma, 82 Pac. Rep. p. 990.

R. E. LUND, for Appellee.

A finding of fact on conflicting evidence will not be disturbed on appeal. Lacey v. Woodward, 5 N. M. 583.

The maker of a promissory note may make a material change therein, after delivery, to bring it into conformity to his contract with the payee; and may consent to such change being made by the payee or his agent and ratify the alteration by words or acts. Godspeed v. Cutler, S. W. 75 Ill. 534; Gardiner v. Harback, 21 Ill. 128; Cannon, et al., v. Grigsby, et al., 116 Ill. 151; King v. Bush, 36 Ill. 142; Grimstead v. Brigs. 4 Iowa 559; Pelton v. Prescott, 13 Iowa 567; Bell v. Mahin, 69 Iowa 408; Montgomery v. Crossthwait (Syl. 5) 90 Ala. 552, cited in 12 L. R. A. 140; Payne v. Long, 121 Ala. 385; Stewart v. First National Bank, 40 Mich. 348-9, and cases cited; Johnson v. Johnson, 66 Mich. 525; Humphreys v. Guillow, 13 N. H. 335-38, Am. Dec. 499; Daniels Nego. Inst., Secs. 1401, 1402; Am. &

Eng. Ency. of Law, (2nd Ed.) Vol. 2, pp. 259-261. See also Speake et al., v. U. S., 9 Cranch. (U. S.) 28, 3 Law Ed. 645 and notes p. 629.

Ratification need not be express or in writing. Am. and Eng. Ency. of Law 2nd. Ed. Vol. 2, pp. 260-1; Cyc. of Law (Cyc.) Vol 2, pp. 172-174.

New consideration for such promise to pay is not necessary. Prouty v. Wilson, 123 Mass. 297.

Whether party ratified, is solely for the jury. Daniel Nego. Inst. Sec. 1401.

### STATEMENT OF FACTS.

The action is upon an altered promissory note, the circumstances attending the alteration of the note are fully set out in the pleadings, and it is alleged by the plaintiff in the complaint that subsequent to the alteration and very soon thereafter, the defendant ratified the same with a full knowledge of the facts. The defendant denies having authorized the alteration of the note, and also denies any ratification of the same after the alteration was made. A trial was had before a jury and the issues were found in favor of the plaintiff for the full amount of the note, and interest at the rate of ten per cent. together with compound interest to the amount of $2.44. Motion for new trial was made, and upon the plaintiff remitting the item of compound interest, the motion for new trial was overruled, and judgment was rendered for the plaintiff for the amount due, less the item of compound interest. The cause is now in this court, on appeal taken by the defendant.

### OPINION OF THE COURT.

M'FIE, J.—Numerous alleged errors have been assigned in this case, but they all depend upon the determination by this court of one issue only: Whether under the circumstances of this case, the defendant could ratify the act of the secretary of the plaintiff company in making the alteration in the note. The evidence in the case briefly but substantially was, on behalf of the plaintiff, to the effect that the defendant Petty had a running account at the hardware store of the plaintiff corporation, and that this account had accumulated during a considerable period of time until the account was $102.74; that the

Stringfellow & Tannehill v. Petty.

defendant had been informed that he must pay interest upon this account; that he otherwise knew that such was the rule of the company that interest should be paid after sixty days, and that he had agreed to do so; that the defendant had been repeatedly requested to pay the account, and had for a long time failed to do so, but that he finally consented to give a note for the amount due the plaintiff. He went to the plaintiff's store, where a note was prepared by one of the salesmen, and the amount inserted in the note was $102.74, no interest having been added in the preparation of the note, nor was this salesman informed as to the agreement to pay interest; that Mr. C. C. Tannehill, the secretary of the company, and with whom the agreement to pay interest was made, came into the store a short time after the note had been made, observed the note lying upon the desk, and discovered that the amount of it did not include five dollars of interest due from the defendant upon the account under his agreement with the plaintiff. Mr. Tannehill thereupon wrote in, the figure 7, over the figure 2, thereby making the amount $107.74 instead of $102.74 as it was when the defendant signed the note. The salesman who had prepared the note was instructed to inform the defendant of this alteration in the note, and the secretary of the company also informed the defendant fully as to why the change had been made, and both the secretary and the salesman testified upon the trial that the defendant, after he was fully informed of the change and why it was made, ratified the alteration, frequently thereafter agreed to pay the note, and never complained of the alteration until this suit was brought against him. The defendant alone testified as to the facts of the case, and his testimony was in effect a denial of any agreement to pay interest, or that he authorized any alteration of the note to be made, or that he ever ratified the alteration after the same was made. The jury in finding for the plaintiff, determined the questions of fact at issue between the parties, and found the facts to be as claimed by the plaintiff, and there being a conflict of evidence as to the facts, this court will not disturb the verdict of the jury. Candelaria v. Miera, 84 Pac. 1020, and cases cited.

But the defendant upon the trial, objected to evidence explanatory of the alteration, and excepted to the ruling of the court admitting the same. He also objected to all evidence tending to prove the oral ratification of the alteration, and also to the instruction of the court upon that subject, and excepted to the action of the court in admitting such evidence and in giving instructions authorizing the jury to find that the defendant had ratified the alteration of the note after a full knowledge of the facts of the alteration. The defendant contends in his brief that the alteration of the note was a forgery, and that a forgery cannot be ratified. This proposition of law is, no doubt, correct, but in our opinion the facts render it inapplicable to the case now before us. In this case it appears, and the verdict of the jury warrants us in so stating, that the defendant, having agreed to pay interest, signed the note prepared by one who was not aware of his agreement, for the net amount of his indebtedness without including any interest whatever; that the defendant had agreed to give a note for the full amount due the plaintiff, but by reason of his making settlement with a salesman who was unaware of his obligation to pay interest, he signed the note for an amount five dollars less than the amount due and owing by him. The secretary of the company being aware of the fact that he had agreed to pay interest upon the claim, and that the same was omitted in the settlement evidenced by the note, declined to accept the same in settlement of the full amount, but in good faith inserted the correct amount in the note, and then had the same presented to the defendant for ratification or rejection. The note was presented after the correct amount due had been inserted, and as the testimony shows and the jury found, he ratified the action of the secretary of the company and repeatedly agreed to pay the full amount.

The action of the secretary of the company appears to have been in good faith, his purpose evidently being to correct an error by the insertion of the actual amount which the defendant owed the company, and therefore the element of fraud or forgery does not appear to enter into the transaction in any way.

While there is some diversity of opinion as to the doctrine, we believe that the weight of authority is to the effect, that the maker of a promissory note may make a material change therein after delivery to bring it into conformity with his contract with the payee, and may consent to such change being made by the payee, or his agent, and thereafter be as fully bound by the obligation as before such change or alteration was made. ·That the maker of a note, subsequent to such material alteration therein by the payee or his agent may, on notice or knowledge thereof, ratify the alteration by words or acts, and thereafter be bound by such ratification. Prouty v. Wilson, 123 Mass. 297; Daniels on Negotiable Instruments, Sec. 1401; Goodspeed v. Cutler, 75 Ill. 534; Gardiner v Harback, 21 Ill. 128; Cannon et al., v. Grigsby, et al., 116 Ill. 151; Bell v. Manhan, 69 Iowa 408; Montgomery v. Crosswaite 90 Ala. 552; Payne v. Long, 121 Ala. 385; Stewart v. First Nat. Bank, 40 Mich. 348; Humphreys v. Guillow, 13 N. H. 385; Cyc. Law of Procedure, Vol. 2, 172-4.

It therefore appears that the court committed no error in admitting the evidence tending to explain the alteration, or in proof of a ratification of the same, or in the instruction to the jury substantially to the effect that if the jury found from the evidence that the note was originally made for the sum of $102.74, and that thereafter the plaintiff or any officer thereof, altered the same in the absence and without the consent of the defendant, that the plaintiff could not recover, and that if the jury so believed, they must find for the defendant irrespective of the fact as to any amount being due upon the original account at said date; but if on the other hand, they found from the evidence that the alteration of this note by an officer of the plaintiff corporation was made, and that subsequently the defendant was made acquainted with the fact of the alteration, and being fully informed of the fact that it had been changed from $102.74 to $107.74, agreed to and ratified said act by words or conduct equivalent thereto, such as a promise to pay the note in its amended form, or by an offer to settle the same in some other way, and that if the jury believed that this ratifica-

tion occurred either by word or by such conduct, they should find for the plaintiff for the amount sued for, according to the terms of the note.

These alleged errors are not well assigned and must be overruled. We have considered the remaining assignments of error, to the effect that the defendant's demurrer to the amended complaint should have been sustained and that the judgment should have been for the defendant instead of for the plaintiff, but are of the opinion that the views above expressed in effect overrule the same, inasmuch as they raise the same point as the others, namely, that the alteration of the note could not be ratified notwithstanding the verdict of the jury. To this view we cannot assent.

The judgment of the court below is affirmed with costs.