## BARRETT v. EFFENBERG.

No. 1066. Opinion Filed November 14, 1911.

(119 Pac. 135.)

**ALTERATION OF INSTRUMENTS—Consent—Evidence.** It is not necessary that the consent to, or ratification of, an alteration of a written instrument shall be in writing; nor even that it be in express terms. If there was sufficient evidence to justify a jury in finding that the alteration was impliedly agreed to, their verdict will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from Muskogee County Court; W. M. Jackson, Judge.*

Action between J. J. Barrett and Fred Effenberg. From the judgment, Barrett brings error. Affirmed.

*Stewart & Stewart,* for plaintiff in error.

KANE, J. As stated by counsel for plaintiff in error in their brief, the only question to be decided in this case is, Did the changing of the figure "7" to a figure "6" in the date line of a promissory note, by the payee, thereby making the same become due November 10, 1906, instead of 1907, constitute such a material alteration thereof as will defeat recovery thereon? Counsel for plaintiff in error say in their brief:

"The defendant in error says that he changed the note himself. He says that he erased the figure '7' and wrote a figure '6' instead, thereby making the note become due November 10,

1906, instead of November 10, 1907, as it was originally drawn. Mr. Effenberg says that when the note was delivered to him it was '07, instead of '06, and that he erased the 7 and wrote the 6 there instead."

If the evidence justified the statement of facts made by counsel, their contention would have to be sustained; but we do not entirely agree with their analysis thereof. The note was given to secure a part of the purchase price of a house and lot sold by the payee to the maker, and it is clear that the parties intended that the note should fall due in November, 1906, instead of November, 1907, as drafted by the maker. After making out the note and signing the same, the maker left it at Ashton's store for the payee who called for and received it the same day it was signed. The next morning the payee discovered that the maker in drawing the note made it read November, 1907, instead of November, 1906, and called his attention to the mistake, and the maker said he knew of the mistake, but intended to pay it at the time it was due according to their understanding. On November 10, 1906, the payee presented the note for payment, and the maker said he knew the note was due, and if it had been presented two days earlier he had the money and would have paid it, but at the time of presentment he was out of funds. It is true there is no direct evidence that the payee told the maker in so many words that he changed the date to accord with their understanding at the time it should fall due, or that the maker consented to the alteration; but that question was presented to a jury, under proper instructions, and we are of the opinion that there was sufficient evidence to justify the jury in finding that the maker impliedly agreed that the change might be made in· conformity to the original intention of the parties.

It seems to be well settled that if the parties agree upon a change in the terms of a contract the contract is not invalidated because one of them, without the knowledge of the other, notes the alteration on the instrument. *Martin v. Whites & Cox,* 128 Mo. App. 117, 106 S. W. 608; *Phillips v. Crips,* 108 Iowa, 605, 79 N. W. 373; *Wardlow v. List,* 41 Ohio St. 414; *Kane v.*

*Herman,* 109 Wis. 33, 85 N. W. 140. It has also been held that it is not necessary that the consent to, or ratification of, the alteration be in writing, nor even that it be in express terms. *Stewart v. Port Huron First Nat. Bank,* 40 Mich. 348; *Kilkelly v. Martin,* 34 Wis. 525; *Prouty v. Wilson,* 123 Mass. 297. The question of whether an alteration in an instrument was made with the consent of the parties is one of fact for the jury. *White v. Hass,* 32 Ala. 430, 70 Am. Dec. 548; 2 Am. & Eng. Enc. of Law, p. 269; *Benedict v. Miner,* 58 Ill. 19; *Richmond Mfg. Co. v. Davis,* 7 Blackf. (Ind.) 412; *Cochran v. Nebeker,* 48 Ind. 459; *Stout v. Cloud,* 5 Litt. 205; *Belfast Nat. Bank v. Harriman,* 68 Me. 522; *Jacobs v. Gilreath,* 41 S. C. 143, 19 S. E. 308, 310. In the case at bar the court left the question of alteration to the jury, and they decided that the parties consented to it, and rendered a verdict in favor of the defendant in error. It is well settled that this court will not disturb the verdict of a jury on a question of fact of this nature, which is properly determinable by them, when there is any evidence reasonably tending to support. The judgment of the court below is affirmed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent and not participating.