## HORST v. WAGNER.

1. **Promissory Note:** EFFECT OF ALTERATION. The payee of a note, for the purpose of transferring it, and in ignorance of the appropriate method, erased his own name and inserted that of the transferee, but subsequently and before delivery restored the instrument to its original form and transferred it by indorsement: *Held*, that the alteration did not affect its validity in the hands of the indorsee.

*Appeal from Washington District Court.*

FRIDAY, JUNE 9.

THE defendant executed to the plaintiff's father, John Horst, his promissory note payable to his order, and also a mortgage to secure the same.

The said John Horst, in order to transfer the note to his daughter, the plaintiff, erased the name *John* and inserted the name *Frances*. Afterwards, and so far as the record shows, before the note was delivered to the plaintiff, he struck out the alteration, restored the note to its original form, and transferred the note to the plaintiff by indorsement.

The suit is brought upon the note and mortgage. The defendant, Wagner, sets up, as a defense, the alteration. Judgment for defendant. Plaintiff appeals.

*H. & W. Scofield*, for appellant.

The alteration of the note, under the circumstances of the case, was immaterial. (2 Pars. on Con., 226; *Cooley v. Brayton*, 16 Iowa, 16; *Robinson v. Phœnix Ins. Co.*, 25 Id., 434.) Nothing but a fraudulent purpose or corrupt intent in making the alteration would render the note void. (*Trow v. Starch Co.*, 1 Daly, 280; *Van Horn v. Bell*, 11 Iowa, 468; *Murray v. Graham*, 29 Id., 524; *Krause v. Meyer*, 32 Id., 567.) The mortgage, standing alone, is an evidence of indebtedness, upon which the plaintiff may recover. (*Gillett v. Powell*, Spear's Ch., 142; *Clark v. Bancroft*, 13 Iowa, 322; *Newberry v. Rutter*, 38 Id., 181.)

*McJunkin, Henderson & Jones*, for appellee.

ADAMS, J.—I. We are inclined to think the alteration of the note was material. The plaintiff, as the note stood altered, could not properly demand payment. She was neither indorsee nor rightfully payee. That a material alteration of an instrument by the holder, without mistake, and with intent to change the legal effect, will discharge the maker, is, of course, not denied. But in this case three things should be observed:

1st. The payee, John Horst, testifies: "I made the alteration to assign the note to my daughter." No reason is shown for his not indorsing it, except ignorance and mistake. It is claimed by appellee, to be sure, that as the note was given for land which plaintiff's father had intended to deed her, and

that, as she was a minor when it was sold to defendant, an attempt was made to transfer the note by alteration instead of by indorsement, to enable her to set aside the sale. It is sufficient for us to say that we do not think the evidence sustains this theory. We are satisfied that the alteration was made wholly through ignorance and mistake, as to the proper manner of transferring the note.

2d. There was no intent to change the legal effect of the instrument otherwise than to substitute the plaintiff as payee, and no intent to prejudice the maker in any respect.

3d. The alteration was stricken out, the note was restored to its original form, and regularly indorsed to the plaintiff.

Such being the facts, we are of the opinion that the plaintiff was entitled to recover.

In Pars. on Notes and Bills, 2d Vol., 570, the author says: " If the alteration was made fraudulently, or with illegal intention, or if the original words cannot certainly be restored, or if any party has become interested in the note, or affected by it, or related to it, since the alteration, in such a way that the alteration will do a wrong to that party, in either of these cases we should say that the party must abide by the alteration he made, and accept the consequence of making it. But unless one of these reasons exists, we are not aware of any good and sufficient argument for refusing to permit him to restore the instrument to its original form and force."

It is not necessary that we should indorse the doctrine of the learned author to the full extent. The payee was authorized by the very terms of the note to make it payable to plaintiff. He was authorized to accomplish the very result which he attempted to accomplish. The objection, therefore, is not as to the result aimed at, but to the manner of effecting it. Had the result aimed at not been authorized, it would be more doubtful whether the alteration could be stricken out and the instrument restored. But as the alteration in this case was simply an unauthorized manner of accomplishing an authorized result, we cannot regard it such an alteration as may not properly be stricken out, so as to leave the instrument in its original form.

II.   The appellee moves to dismiss the case, because the notice of appeal was directed to J. M. Wagner, instead of John M. Wagner.  As the attorneys of John M. Wagner accepted service of the notice, and now appear for him in this case, we must assume that J. M. Wagner and John M. Wagner are the same person.

III.   The appellee moves to dismiss, also, on the ground that there were defendants, other than Wagner, upon whom notice of appeal was not served.   It is true others were named in the petition, but whether they were really made parties by the service of the original notice on them does not appear. If they were served with such notice, and were not served with notice of the appeal, the judgment of the District Court as to them will remain unaffected.

As against the defendant, Wagner, judgment and decree should be entered as prayed.

REVERSED.