## CLARK *v.* GRAMLING.

Decided May 23, 1891.

1. *Demurrer—Waiver.*
   Where an answer requires no reply, plaintiff does not, by going into trial, waive an objection to it which was raised by demurrer.

2. *Parties—Non-joinder.*
   In a suit to collect a note an objection that one of the payees was not joined as a party plaintiff is waived by filing an answer.

3. *Pleading—Sufficiency of answer.*
   In a suit to enforce payment of a note an answer which denies that defendant promised to pay " in manner and form as therein alleged," or which alleges a contemporaneous parol agreement contradicting the note, is demurrable.

4. *Joint administrators—Release.*

A release by one of two joint administrators of a note payable to both of them in their representative capacity is ineffectual to bar a suit to collect a balance due on it.

5. *Promissory note—Defense that one of the payees was a maker.*

That one of two payees of a note was one of the makers of it, is not a defense at law in a suit by the other payee against the other makers to enforce its collection.

APPEAL from *Greene* Circuit Court.

E. F. Brown, Special Judge.

*B. H. Crowley* for appellant.

1. Parol contemporaneous evidence is inadmissible to vary the terms of a valid written agreement.. 24 Ark., 210; 13 *id.*, 449; 15 *id.*, 543; 11 Johns., 201; Smith, Cont., 94; 36 Ark., 487; 37 *id.*, 110.

2. The answer setting up a release by H. C. Gramling does not constitute a defense. 33 Ark., 572; 2 Gr. Ev., sec. 28; 2 Story, Cont., 978; 5 East, 230; 4 Gill & J., 305; 3 N. H., 318; 26 Me., 88; 20 Conn., 559.

3. The fact that one of the makers and payees is the same person, does not render the note void. Tied. on Com. Paper, sec. 20. The note is joint and several, and appellee is liable for the whole debt. Mansf. Dig., sec. 4944.

*L. L. Mack* for appellee.

Going to trial on the issues operates as a waiver of all objections raised by demurrer. 17 Ark., 403; 53 *id.*, 56; *ib.*, 593; Mansf. Dig., secs. 5043-4-5; Bliss on Code Pl., sec. 417; 30 Ark., 312; 39 *id.*, 258. It is equivalent to pleading over, and is an abandonment of the supposed error in overruling the demurrer, and an appeal will not lie without a motion for a new trial. The demurrer being general, if any of the paragraphs set up a good defense, the demurrer was properly overruled. Bliss on Code Pl., sec. 417; 30 Ark., 312.

Mansfield, J. Clark, as administrator of the estate of Witcher, brought this action against R. F. Gramling, Henry C. Gramling and others, to recover a balance due upon a

promissory note, executed by the defendants on the 30th day of September, 1876, and payable twelve months after date "to the order of John Clark and Henry C. Gramling, administrators of William A. Witcher, deceased." The complaint states the amount and date of a number of payments which are credited upon the note, and prays judgment for the sum remaining unpaid. A judgment by default was taken against all the defendants except the appellee, R. F. Gramling. An answer was filed by him consisting, as abstracted, of four paragraphs, stating the following as matters of defense: (1.) A denial "that he promised to pay plaintiff the sum mentioned in the complaint in manner and form as therein alleged." (2.) That he executed the note sued on under an agreement between himself and H. C. Gramling, one of the payees, that he was to pay only one-half the sum for which the note was given and that said H. C. Gramling should pay the other half; and that the plaintiff assented to this agreement at the time the note was made. (3.) That he paid half the amount of the note, and, about November, 1880, "was by the said H. C. Gramling, for a valuable consideration, fully released from further liability" thereon. (4.) That Henry C. Gramling, one of the makers of the note, and Henry C. Gramling, one of the payees, "is one and the same person, and that no action at law can be maintained thereon." A demurrer to the answer was overruled, and the plaintiff excepted. The cause was then submitted to a jury for trial on the issues formed by the answer; and, a verdict having been returned for the defendant, judgment was rendered accordingly, and the plaintiff has appealed.

I. Appellee contends that appellant waived the objection raised by his demurrer by going into trial. This position, so far as we are advised, is sustained by no authority. *McIlroy* v. *Buckner*, 35 Ark., 555; *Clark* v. *Hare*, 39 Ark., 258; *McWhorter* v. *Andrews*, 53 Ark., 307. Section 417 of Bliss on Code Pl., cited by counsel, refers only to a waiver by pleading over after demurrer to the complaint. The

1. When demurrer not waived.

rule there stated can have no application where the demurrer is to an answer requiring no reply, and where, as in this case, there is no pleading over. If the facts stated in the answer constituted no defense, the defendant was not entitled to a judgment on the verdict; and the plaintiff did not waive his right to question the sufficiency of the facts on appeal by participating in the trial. Boone, Code Pl., sec. 117; Newman, Pl. & Pr., 518.

**2. Non-joinder of parties.**

II. The demurrer to the answer reached back to the complaint; and the plaintiff was not therefore prejudiced by the ruling excepted to, if his own pleading should have been adjudged bad. *Wood* v. *Terry*, 30 Ark., 385. But the only objection to the complaint, apparent upon its face, is that it does not join one of the payees of the note as a party plaintiff. This defect was waived by filing the answer. Newman, Pl. & Pr., 58, 106, 214, 215; Boone, Code Pl., secs. 112, 263; Bliss, Code Pl., secs. 411, 417; Mansf. Dig., secs. 5028, 5031; *McCreary* v. *Taylor*, 38 Ark., 393.

**3. Sufficiency of answer.**

III. There is no contention here that either the first or the second paragraph of the answer states a valid defense. The first does not deny any fact alleged in the complaint; and the second sets up a contemporaneous parol agreement between the parties, contradicting the terms of the written contract on which the suit is founded. These two paragraphs, though numbered separately in the appellee's abstract, were probably intended to be taken as one defense. But whether considered together or separately, they are so obviously insufficient that comment upon them is unnecessary. Boone, Code Pl., sec. 61; *Joyner* v. *Turner*, 19 Ark., 690; *Borden* v. *Peay*, 20 Ark., 293; *Roane* v. *Green*, 24 id., 210.

**4. Release of note by joint administrator.**

IV. The defendant does not allege, by the third paragraph of his answer, that he has made any payment in addition to the sums credited on the note, nor that the sum demanded has ever been paid. But he avers that he paid one-half of the amount of the note and was, for a valuable consideration, released from further liability by H. C. Gram-

ling, one of the payees. Whether the release was by parol
or in writing, or in what the consideration consisted, is not
stated. And it would not be an unfair criticism upon the
answer to say that this part of it states legal conclusions,
and not the facts from which such conclusions are to be de-
duced. This method of pleading is not authorized by the
code of practice, and should be discouraged by the courts
as tending to produce uncertain and immaterial issues, and
thus to delay and embarrass the administration of justice.
Mansf. Dig., sec. 5033; Newman, Pl. & Pr., 544; *McIlroy* v.
*Buckner*, 35 Ark., 555; *Keith* v. *Freeman*, 43 Ark., 296. But
it will probably be more in harmony with previous decisions
of this court to rule that objection to the answer on the
ground now suggested should have been made by motion
to make it more definite, and not by demurrer. *McDermott*
v. *Cable*, 23 Ark., 200; *Ball* v. *Fulton Co.*, 31 *id.*, 379; *Mc-
Creary* v. *Taylor*, 38 *id.*, 393. We shall therefore treat the
third paragraph as not fatally defective because of the
general and uncertain nature of its allegations; and presum-
ing that it intends to plead, not a mere parol agreement for
a release, but a release executed in writing, we will inquire
whether it sets up a bar to the plaintiff's action. This
question must be answered in the negative unless H. C.
Gramling had power to execute the release thus pleaded.

The plaintiff and H. C. Gramling were joint administrators
of Witcher's estate; and the terms of the note indicate that
it was taken by them in a representative capacity. Whether
it was made in consideration of a debt accruing to them as
representatives of the deceased, or for a debt due to the lat-
ter, is not shown. Nor is it shown whether H. C. Gramling
ever had possession of the note. In *Smith* v. *Whiting*, 9
Mass., 334, it was held that one of two executors could not
assign a negotiable promissory note made to them, as
executors, for a debt due to their testator. The court said
that each of the promisees had but a moiety of the note, and

S C—34

could not therefore by his indorsement transfer either the whole or his own moiety.

In the case of *DeHaven* v. *Williams,* 80 Penn. St., 480, co-executors deposited money of their testator with bankers to their joint account. The bankers, having failed, entered into an agreement with their creditors by which all their property was conveyed to a trustee for the creditors, and the bankers were to be released from the debts they owed, upon all the creditors signing the agreement. The agreement was signed by all the creditors, but only one of Williams' executors signed for his estate. And it was held that this did not release the claim of the estate against the bankers. The opinion of the court places this decision upon the ground that the deposit of the money to the joint account of the executors was a precautionary measure for the protection of each executor against the liability which would result from a loss of the funds through the negligence or misconduct of his co-executor. This precaution, the court said, would be futile if the money could be paid out on the check of one of the executors, or one of them could release the banker. Both these decisions are cited with approval in Schouler's treatise on the Law of Executors and Administrators, the author saying that, in order that joint executors may act with becoming prudence, it is well that the funds of the estate should be kept so that both or all the executors shall together exercise control thereof. Sec. 401, notes 5 and 6.

The Court of Appeals of Kentucky, in *Sanders* v. *Blain's Administrators,* 6 J. J. Marshall, 446, held that one of two joint administrators could not make an assignment, effectual at law, of a note payable to them both. In that case the note was payable to E. R., "administrator," and to M. B., "administratrix," of B. But the court said that the note having been given to them as obligees, it could be treated for most purposes as their individual note, and it was therefore considered as if made to them in their own right.

Tiedeman, in his work on Commercial Paper, appears also to approve the rule that, where a note is payable to several persons as the representatives of a decedent, all of them must join in its indorsement. See sec. 148.

These authorities appear to bear directly upon the question we are considering. And in so far as the decisions we have cited were controlled by the rights, duties and liabilities of executors and administrators in the States where the decisions were made, the doctrine on which they proceed is equally applicable to similar questions arising under the laws of this State. Under our administration laws we know that a note, payable as this is, usually represents a sum with which the administrators are jointly charged on their accounts; and that, in nearly every instance, it is the only security for a debt, for the loss or conversion of which the administrators would certainly be severally as well as jointly liable. The rulings referred to are therefore commended to our approval, no less by the policy they subserve, than by the reasoning and authority with which they are supported. Here, as in Kentucky, it has been held that a note payable to "A. B., administrator, etc.," may be treated as a debt due to him in his individual right. *Mohr* v. *Sherman*, 25 Ark., 7. But if this note be thus considered, its indorsement by both the payees would still be necessary to vest title to it in the assignee. Tiedeman on Commercial Paper, sec. 262; *Sanders* v. *Blain's Administrators*, 6 J. J. Marshall, *supra*.

It is clear that H. C. Gramling would have had no authority to assign the note. And the principle upon which that power is denied him is, we think, equally efficient to render him powerless to release one of the makers of the note from his obligation to pay it. We therefore hold that the release pleaded by the appellee was ineffectual to bar the appellant's action.

V. The fact stated in the fourth paragraph of the answer, that H. C. Gramling, one of the makers of the note, is also

5. Defense to note that one of the payees was a maker.

one of the payees thereof, is not sufficient as a defense for the following reasons : (1) The objection to the plaintiff's action based on such alleged fact, if it were available for any purpose, goes merely to his right to sue at law, and to show that his suit should have been in equity. This was only ground for a motion to transfer to the proper docket, and the objection was waived by the failure to make it before the trial. *Organ* v. *Railroad Co.*, 51 Ark., 235. (2) But the fact on which the objection was based did not render the note void, and did not prevent the plaintiff from maintaining an action at law upon it against all the makers except H. C. Gramling. Newman, Pl. & Pr., 111, 112, and decisions there cited. To sue H. C. Gramling with the other makers of the note was therefore only the misjoinder of a party defendant. And the appellee could not take advantage of such misjoinder by demurrer, but could only make it the ground of motion to strike out the name of the party thus improperly joined. Newman, Pl. & Pr., 664–667 ; *Oliphint* v. *Mansfield*, 36 Ark., 191 ; *Fry* v. *Street*, 37 Ark., 39.

It follows that, in our opinion, the demurrer to the answer should have been sustained, and that the court erred in overruling it. The judgment is therefore reversed, and the cause remanded.