𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

REID'S ADMINISTRATOR v. WINDSOR AND OTHERS.

January 26, 1911.

Absent, Cardwell and Whittle, JJ.

1. APPEAL AND ERROR—*Interlocutory Decree—Confirming Report of Debts—Other Debts Outstanding.*—The fact that, after a report of debts against a decedent's estate has been confirmed, other creditors come in by petition and are asserting debts against decedent's estate does not prevent a party, whose rights have been prejudiced by the decree confirming the report of indebtedness, from appealing.

2. APPEAL AND ERROR—*Parties—Executors—Personal Representative of Insolvent Estate.*—The fact that a decedent's estate may not be sufficient to pay all of his creditors in full is no reason why his personal representative should not defend the estate in the trial court, or in the appellate court, against claims which he · believes, or is advised, the estate is not legally liable for.

3. EQUITY PRACTICE—*Exceptions to Commissioner's Report—Sufficiency—Case in Judgment.*—While exceptions to a commissioner's report are in the nature of special demurrers, and must point out specifically the errors complained of, the exception in the case in judgment is sufficient to raise the question of the validity of the creditor's debt. The exception is as follows: "The within report is excepted to because the commissioner allows * * * the claim of Luther H. McMillan, based on a note for $5,268.00 and purporting to be signed by Luther H. McMillan and Henry W. Reid, deceased."

4. BILLS AND NOTES—*Note Payable to Maker—Endorsement.*—A note made by a person to himself, or to himself or order, is not a good legal contract until it becomes such by endorsement, but where a note, whether payable to the maker, or to one of two or more makers, is negotiable and endorsed, it becomes available as a security at law in the hands of the endorsee, who may sue upon it.

5. BILLS AND NOTES—*Payee One of Makers—Validity.*—The fact that no action at law can be maintained on a negotiable note made by

two or more makers payable to one of them, while in the hands of the payee and all of the parties are living, does not render the paper invalid. The reason why an action at law cannot be maintained upon it is because a man cannot be both plaintiff and defendant in such action. The rule of law is technical and applies to the remedy and not to the right, and may be obviated by a resort to a court of equity.

6. BILLS AND NOTES—*Consideration.*—A negotiable note, as between the payee and maker, is deemed *prima facie* to have been issued for a valuable consideration, and will be so held in the absence of evidence to the contrary. This is especially true where it states on its face that it was executed "for value received."

7. BILLS AND NOTES—*Collateral Note—Sale Without Demand or Notice.*—Where, by the terms of a collateral note pledging stock as collateral, it is expressly stipulated that the collaterals may be sold without making any demand for the payment of the note, or giving notice of the time and place of sale of the collaterals, no such demand or notice is necessary.

8. APPEAL AND ERROR—*Objections for First Time.*—Objections cannot be made in the appellate court for the first time that the evidence upon which a commissioner in chancery allowed a debt against a decedent's estate was insufficient or improper.

Appeal from a decree of the Circuit Court of Prince William county. Decree for creditor. Debtor's representative appeals.

*Affirmed.*

The opinion states the case.

*Thos. H. Lion* and *C. E. Nicol*, for the appellant.

*Robert A. Hutchinson* and *Luther H. McMillan*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellee, Luther H. McMillan, upon the calling of this cause, moved the court to dismiss the appeal upon several grounds, which are set out in his brief. The first of these grounds, viz., that the appeal had not been perfected as to

him, was abandoned in oral argument.   The second and fourth grounds are, in substance, that the appeal was premature.

The decree appealed from confirmed a commissioner's report of liabilities of the estate of H. W. Reid, deceased, for the administration of which this suit was brought, and ascertained that the claim asserted by the appellee was a valid debt against that estate.   It is true that after that report was filed other creditors filed their petitions asserting claims against the decedent's estate which had not yet been reported upon by the commissioner nor passed upon by the court; but the fact that other debts were being asserted against decedent's estate would not prevent a party whose rights had been prejudiced by the decree confirming the report of indebtedness, rejecting or allowing a claim asserted against the estate, from appealing.   It was clearly an appealable decree.

The remaining ground relied on for a dismissal of the appeal is, that the appellant has no real interest in the controversy involved in the appeal.

The appellant is the personal representative, and one of the distributees and heirs of the decedent whose estate is being administered.   It is claimed that it appears by the record that the estate of the decedent, real and personal, will be altogether insufficient to pay his debts, even if the debt of the appellee should be disallowed.   The fact that a decedent's estate may not be sufficient to pay all his creditors in full is no reason why his personal representative should not defend the estate in the trial court, or in the appellate court, against claims which he believes or is advised the estate is not legally liable for.

The action of the court in overruling the appellant's exception to the commissioner's report of indebtedness is assigned as error.

It is insisted by the appellee that this assignment of error cannot be considered because the exception to the commissioner's report is not specific enough.

It is true, as argued, that exceptions to a commissioner's report are in the nature of special demurrers, and the party objecting must point out specifically the error complained of. The exception in this case is as follows: "The within report is excepted to because the commissioner allows * * * * the claim of Luther H. McMillan, based on a note for $5,268.00 and purporting to be signed by said Luther H. McMillan and Henry W. Reid, dec'd."

The exception is sufficient to raise the question of the validity of the appellee's debt.

The claim or debt asserted by the appellee and allowed by the court is based upon a writing of which the following is a copy:

"Washington, D. C., Dec. 7, 1907. $5,268.00.

"For value received on demand we will pay to the order of Luther H. McMillan, fifty-two hundred and sixty-eight dollars, with six *per cent.* interest and have delivered to Luther H. McMillan as collateral security therefor nine hundred and ninety-six shares of the capital stock of the Plaza Hotel Company, Incorporated, 1906, under the laws of the District of Columbia, and do hereby authorize and empower the holders hereof for the purpose of liquidation of this note, and of all interest and costs thereon, to sell, transfer and deliver the whole or any part of such security or any additions thereto or substitute therefor without any previous demand, advertisement or notices, either at brokers' board or public or private sale at any time or times with the right on the part of such holders to become the purchasers and absolute owners thereof, free of all trusts and claims. And it is further agreed that the securities hereby pledged, together with any that may be pledged hereafter, shall be applicable in like manner to secure the payment of any past or of any future obligations of the undersigned, whether as principal or surety, due or not due, held by the holders of this obligation and of such securities in their hands shall stand as one general continuing col-

lateral security for the whole of said obligations, so that the deficiency on any one shall be made good from the collaterals for the rest, hereby remaining responsible for any deficiency in payment and waiving any benefit, exemption or privilege under any law now or hereafter to be in force.

"HENRY W. REID,
"LUTHER H. McMILLAN."

It is insisted by the appellant that the paper is invalid because the payee is one of the makers thereof, and the note was never negotiated. If the payee had been the sole maker of the note the appellant's contention would, of course, be true; for a man cannot be both debtor and creditor at the same time when he is the only party to the arrangement by which that relation is attempted to be created. There is an inherent impossibility in the thing. A note made by a person to himself, or to himself or order, is not a good legal contract until it becomes such by endorsement, when it becomes payable to the endorsement. 1 Daniel on Neg. Inst., sec. 130. But where a note, whether payable to the maker or to one of two or more makers, is negotiable and is endorsed, it becomes available as a security at law in the hands of the endorsee, who may sue upon it. *Pilcher* v. *Burrows*, 17 Pick. (Mass.) 361, 28 Am. Dec. 306; *Smith* v. *Lusher*, 5 Cow. (N. Y.) 688; Eaton & Gilbert on Com. Paper (N. Y. Int. Law), sec. 12, pp. 22-3.

The fact that an action at law cannot be maintained upon it while held by the payee where there are two or more makers of whom he is one and all the parties are living, does not render it invalid. The reason why an action at law cannot be maintained upon it is because a man cannot be both plaintiff and defendant in such an action. That rule of law is technical, not substantial and real, as in the case where the same person is both maker and payee and the paper has never been negotiated. It applies to the remedy and not to the right, and may be obviated by resort to a court of equity.

*Booth* v. *Kinsey*, 8 Gratt. 560, 562; *Rodes* v. *Rodes*, 24 Gratt. 256, 258; 1 Dan. on Neg. Inst., sec. 354.

As was said by Judge Moncure in *Booth* v. *Kinsey*, *supra*, p. 162, a man, severally or jointly with others, can be creditor or debtor to himself and others. This is of every day occurrence in cases of partnership, where a member of a firm is a creditor or debtor of the firm, or where the same person is a member of firms which are creditors and debtors of each other. In that case an execution debtor gave a forthcoming bond to the creditor, and a third person and the obligee executed the bond with the debtor as his sureties. The bond having been forfeited, the obligee gave notice to the principal obligor and the other surety of a motion for award of execution upon the bond against them; but the notice did not mention the obligee as co-obligor. It was held in that proceeding at law that the bond was a valid bond to bind the other surety, but that he was only liable as a co-surety with the obligee, and that if the principal debtor proved insolvent, the surety would be relieved to the extent of one-half of the debt, either by bill in equity or by motion under the statute for the relief of sureties.

In the case in hand, the appellee recognized that he was liable for one-half of the debt, and only asked to prove one-half of the note executed to and held by him after deducting from such moiety the proceeds arising from the sale of one-half of the collateral security held by him for the payment of the note. The commissioner allowed and reported the amount claimed by the appellee as a valid claim against the estate of the appellee's co-maker of the note.

This it is claimed was erroneous for several reasons. First, because the note was accommodation paper, by which to raise money for the Plaza Hotel Company, in which both makers were jointly interested, and that such paper had no force or effect until it had passed into the hands of an innocent third party for value.

There is no evidence to sustain the contention that the paper was intended to be or was accommodation paper.

It is also claimed that the note was without consideration. The paper on its face states that it was executed "for value received." Being negotiable paper, it is deemed *prima facie* to have been issued for a valuable consideration. Code, sec. 2841-a, cl. 24; 3 Min. Inst., p. 443, and cases cited. There was no evidence rebutting that presumption.

It is also insisted that there is no evidence that, before the sale of the collateral held by the appellee to secure the payment of the note, there was any demand made for its payment, or notice of the time and place of sale given. By the terms of the agreement pledging the collateral, it was expressly provided that such sale might be made without making such demand or giving such notice.

It is also insisted that the evidence upon which the commissioner based his allowance of the credit for the proceeds of the stock sold was the unsworn statement of the auctioneers making sale of the collateral. No objection was made to this evidence when offered before the commissioner, nor in the trial court, so far as the record shows. It is too late to raise the objection for the first time in the appellate court.

Upon the whole case we are of opinion that there is no error in the decree complained of, and that it should be affirmed.

*Affirmed.*