IN RE ESTATE OF MORRIS A. TALBOTT.

JOHN H. HIMMELBERGER, Appellant, v. CENTRAL STATE BANK, Administrator, Appellee.

**BILLS AND NOTES:** Requisites and Validity—Payee as One of Several Makers. A promissory note in which the payee is one of several makers of the note is a valid and enforcible instrument.

**PARTIES:** Defendants—Action by Note-Payee Who Is Maker. The payee of a promissory note who is also one of several makers of the note may maintain an action against all the makers except himself.

**PARTIES:** Plaintiffs—Partner Suing Partner. When partners segregate a portion or part of their partnership matters and put it in the form of a promissory note by one partner to the other partner, the payee-partner may maintain an action against the maker-partner, even though there has been no accounting or settlement of the partnership.

**ALTERATION OF INSTRUMENTS:** Consent of Parties—Effect. The striking off of one of several signatures to a promissory note, pursuant to an arrangement among all the makers, *one of whom was the payee in the note,* in no manner affects the liability of the remaining makers.

**PARTNERSHIP:** Action by Partner on Segregated Matter—Contribution—Adjustment. While a partner may maintain an action on a

segregated partnership matter which has been put in the form of a promissory note in which the partner is both payee and one of several partner-makers, nevertheless, as contribution must be finally worked out when the partnership matters are finally settled, the amount of recovery by the partner-payee may, by agreement, be limited to such proportion of the amount found due on the note as the defending partner has interest in the partnership.

Headnote 1:  8 C. J. p. 177.  Headnote 2:  8 C. J. p. 809.  Headnote 3: 30 Cyc. p. 464 (Anno.)  Headnote 4:  2 C. J. p. 1239.  Headnote 5:  30 Cyc. p. 477 (Anno.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

APRIL 7, 1925.

REHEARING DENIED OCTOBER 2, 1925.

ACTION in probate, for allowance of a claim based upon certain promissory notes signed by the deceased. The opinion states the facts. From a judgment upon a directed verdict for the defendant, the plaintiff appeals.—*Reversed and remanded.*

*Oliver & Oliver* and *Lehmann, Seevers & Hurlburt,* for appellant.

*Nourse & Nourse,* for appellee.

VERMILION, J.—The claim of the appellant is upon six promissory notes, dated October 1, 1910, and due on or before one year, for various amounts aggregating $50,716.11. The notes are all payable to the order of the appellant, John H. Himmelberger, and are signed:

"M. A. Talbott & Co., M. A. Talbott, John H. Himmelberger."

Below the signature of Himmelberger, the name of E. B. McConnell appears on each of the notes, with pencil marks through it. On two of the notes appear two indorsements, the first by the payee, to the order of Himmelberger Realty Company, the second an indorsement by Himmelberger Realty Company, without recourse. The notes all bear credits of interest

payments. The petition asked the allowance of a claim against the estate of M. A. Talbott, deceased, for the amount due on the notes.

The pleaded defenses are: (1) The statute of limitations. (2) That the appellant, Himmelberger, and E. B. McConnell were liable on the notes, and the right of appellant, if any, was only for contribution, and not for the full amount. (3) A denial of the genuineness of the signature of the deceased. (4) That M. A. Talbott & Company was a corporation, and it was the intention of the deceased to sign the notes in the name of the corporation, by himself as secretary, and a reformation of the notes was asked. (5) A material alteration, in that the name of E. B. McConnell had been erased.

By way of reply, it is alleged that, from the date of the execution of the notes until his death, the decedent had not been a resident of this state; that, by agreement between all the parties to the notes, McConnell was released from liability thereon, and pursuant to such agreement, his name was erased from the notes.

At the close of all the evidence, on motion of the defendant, the court directed a verdict for the defendant. The motion was, in effect, based on three grounds: (1) That the notes, being payable to Himmelberger, who was also one of the makers, were, in his hands, incomplete contracts. (2) That Himmelberger was the payee, and also a maker, and a member of the partnership of M. A. Talbott & Company, one of the makers of the notes, and that the evidence failed to show that he had ever parted with more than his just proportion of the amount for which the notes were given, or that he had paid any part thereof that should have been paid by the deceased. (3) That the plaintiff and deceased were both members of the partnership, one of the payers of the notes; that the notes grew out of the partnership business; that the partnership had never been settled or an accounting had, and one partner could not sue another partner upon a partnership transaction.

It is apparent that the motion for a directed verdict does not in all respects conform to the defenses set up in the answer. Counsel in argument have, however, discussed questions raised

in both the answer and the motion, as bearing on appellant's right to recover on the notes; and these we shall consider.

There is no contention in this court that, under the evidence as to the decedent's residence out of the state, action on the notes is barred by any statute of limitation. And it is not now contended that the genuineness of his signature is not established, or that there is any question of reformation involved.

It is not disputed that the appellant, the deceased, and McConnell, at the time the notes were executed, were the members of a copartnership doing business under the name of M. A. Talbott & Company. The written agreement of partnership provided that appellant should negotiate the promissory notes of the partnership to the amount of $25,000, the proceeds to be used for the benefit of the partnership. The evidence tends to establish that the two notes bearing the indorsements of the appellant and the Himmelberger Realty Company were executed for the purpose of raising funds to be used in the partnership business; that they were negotiated by appellant, and the proceeds so used; and that appellant subsequently took them up; and that the other notes in suit were executed in renewal of earlier like notes so executed and negotiated and taken up by appellant. The evidence shows that the deceased recognized the validity of the notes in the hands of appellant long after their execution, and consented to a payment of interest out of funds belonging to a corporation in which the individual signers were the stockholders, which was credited on each of the notes. This was done at the request of appellant, and for the express purpose of tolling the statute of limitation of the state of Missouri, where the notes were payable.

I. It is urged that the notes, being payable to one of the makers, were incomplete instruments without his indorsement, or when in his hands after having been indorsed and negotiated by him and taken up. Reliance is put upon Section 3060-a184, Code Supplement, 1913 (Section 9645, Code of 1924), which is, in part, as follows:

1. BILLS AND NOTES: requisites and validity: payee as one of several makers.

"Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

We have held that a note by a single maker, payable to him-

self, while not negotiable without his indorsement, is, if trans-
ferred by him for a good consideration, enforcible against him.
*Unterharnscheidt v. Missouri St. L. Ins. Co.,* 160 Iowa 223. The
Negotiable Instruments Act is, in most respects, simply a codifi-
cation of the common law.  8 Corpus Juris 47.  It was the rule
at common law that a note payable to the maker was invalid
until indorsed and put in circulation.  *First Nat. Bank v. Fow-
ler,* 36 Ohio St. 524.  One could neither become debtor to him-
self nor sue himself.  Where the note is that of a single maker,
and is payable to himself, the rule both of the common law and
of the statute obtains.  In jurisdictions where it was held that
the obligation of two or more makers was joint, and that they

2. PARTIES: de-
fendants: action
by note-payee
who is maker.

must all be sued together, difficulty was experi-
enced in enforcing a note at the suit of a payee
who was also one of two or more makers, be-
cause of the fact that he must sue himself.  In this state, how-
ever, no difficulty with respect to the remedy arises; for it is
provided by statute, Section 3465, Code of 1897 (Sections 10975,
10976, Code of 1924), that, where two or more persons are
bound by contract jointly, or jointly and severally, or severally,
including the parties to negotiable paper, the action thereon
may, at the plaintiff's option, be brought against any or all of
them.  Since the payee is not required to sue all of the makers,
he is not required to sue himself.

That there is no inherent invalidity at common law in such
an obligation as we have here, in the hands of the payee who is
one of several makers, is recognized even in those jurisdictions
where this difficulty about the remedy is found.

In *Reid v. Windsor,* 111 Va. 825 (69 S. E. 1101), where
the note was payable to one of two makers, the distinction be-
tween a note payable to the sole maker and one payable to one
of two or more makers was recognized; and it was said:

"The fact that an action at law cannot be maintained upon
it while held by the payee, where there are two or more makers,
of whom he is one, and all the parties are living, does not render
it invalid."

In *Clark v. Gramling,* 54 Ark. 525 (16 S. W. 475), the
court, speaking of the objection that one of the payees was also
one of the makers of the note, said:

"But the fact on which the objection was based did not render the note void, and did not prevent the plaintiff from maintaining an action at law upon it against all the makers except H. C. Gramling [one of the payees]."

*Morrison v. Stockwell,* 9 Dana (Ky.) 172, was an action by the payee of a note signed by a partnership, of which the payee and the deceased were the sole members, against the administrator of the estate of the other member. The court said:

"The only reason why Morrison [the payee] was not bound as an obligor did not apply to Stockwell [the deceased]. There was then a legal obligation, and it was, of course, the single obligation of Stockwell."

. In *Willis v. Barron,* 143 Mo. 450 (45 S. W. 289), where the statute made the note the several contract of each member of the firm, and the payee, who was a member of the partnership, was no longer under the necessity of suing himself as such member, it was said that no legal objection could be raised to the validity of the contract itself, as there were clearly adversary parties capable of contracting with each other and binding each other. The doctrine was reaffirmed in *O'Day v. Sanford,* 138 Mo. App. 343 (122 S. W. 3). See, also, *Smith v. Lusher,* 5 Cowen (N. Y.) 688.

The appellant is one of several makers of the notes in suit. The statute but embodies the rule at common law that a note payable to the sole maker is incomplete. It does not render invalid a note payable to one of several makers; and such a note is valid at common law, as between the payee and the other makers, who have capacity to contract with the payee. The payee is not required to sue all the makers, including himself; and here the action is against but one of them. The notes in suit are not, therefore, invalid or unenforcible, in the hands of the payee, who is also one of several makers, against one of the other makers. The amount to be recovered in such a situation is another question, which will be considered in a subsequent division of this opinion.

II. It is contended that, as the notes grew out of partnership affairs, no action could be brought upon them by one partner against another until there had been an accounting or set-

tlement of the partnership. It is a well recognized exception to the rule contended for, that, where the liability has been made the subject of an express contract, or has been segregated from the partnership business, an action at law by one partner against another may be maintained thereon without a settlement or an accounting of the partnership business. *Newberry v. Gibson,* 125 Iowa 575; *Vapereau v. Holcombe,* 122 Iowa 406; *Ristine v. Ruml,* 197 Iowa 1193. In the *Ristine* case we had occasion to consider the question whether the obligation of one partner to another, where the partnership was also liable, had been so segregated from the affairs of the partnership as that action could have been brought upon it by one partner against another before the dissolution of the partnership. The cases upon the subject were somewhat extensively reviewed, and we said:

*3. PARTIES: plaintiffs: partner suing partner.*

"In many of these cases the debt was also the debt of the partnership, or was in fact owed to the partnership; but neither circumstance served to deprive the one partner of the right to enforce the obligation against the other in an action at law. * * * The case falls within the rule that where, by agreement of the parties, one partner has entered into an obligation to a copartner, even though the transaction grows out of the partnership business, it is so far severed or segregated therefrom that an action at law may be brought upon it before the dissolution of the partnership."

The conclusion reached and the cases there cited sustain appellant's right to recover in this action.

III. In considering the claim that the notes were materially altered by the erasure of McConnell's name, a statement of some further facts is necessary.

The partnership transferred certain property to a corporation known as the M. A. Talbott Company, receiving therefor stock of the corporation. After the execution of the notes in question, McConnell sold his interest in the capital stock of the corporation to the corporation; and by written agreement executed by Himmelberger, Talbott, and McConnell, the latter retired from the partnership, and Himmelberger and Talbott assumed all the liabilities, debts, and obligations of the partnership, including

*4. ALTERATION OF INSTRUMENTS: consent of parties: effect.*

"any burden, liability, or obligation of the said McConnell arising from his having been a member of said partnership," except certain specified notes payable to McConnell himself. The effect of this agreement, as between Himmelberger, Talbott, and McConnell, was that Himmelberger and Talbott assumed the payment of the notes in suit, and that McConnell was released from liability thereon. The erasure of McConnell's name from the notes did no more than, to that extent, to carry that agreement into effect. With the notes in the hands of the payee, who was a party to the agreement, the alteration of the notes to make them conform to the subsequent agreement of the parties was not material, and was not fraudulent.

In the case of *Kane v. Herman,* 109 Wis. 33 (85 N. W. 140), certain stockholders in a corporation were liable as guarantors upon the indebtedness of the corporation. By agreement among themselves, certain of the guarantors were relieved by the others from liability upon a particular note. With consent of the holder, but without the knowledge of the other guarantors, parties to the agreement, the name of the guarantor so released was erased. The court said:

"It is therefore an irresistible conclusion, from the agreement which the parties confessedly made for the release of Mr. Cook from this note, that they contemplated and authorized such acts as would effectuate that release; and, although there is a conflict of evidence as to whether the physical erasure of Cook's name was expressly assented to, we are constrained to hold that assent thereto was given by implication from the other terms of that agreement."

In *Young v. Currier,* 63 N. H. 419, a minor, who had signed a note with another, on arriving at majority repudiated his act in signing the note, and the holder erased his name. The erasure under such circumstances was held to be an immaterial alteration.

In *Phillips v. Crips,* 108 Iowa 605, there was a subsequent agreement to change the rate of interest to be paid upon a note, from 7 to 8 per cent. A change made in the note by the payee in accordance with the agreement, but without the knowledge of the maker, was said to be no more than carrying out the intention of the parties. To the same effect is the case of *Ward-*

*low v. List*, 41 Ohio St. 414.   See, also, *Horst v. Wagner*, 43
Iowa 373; *Briscoe v. Reynolds*, 51 Iowa 673; *Iowa Valley State*
*Bank v. Sigstad*, 96 Iowa 491; *James & Haverstock v. Dalbey*,
107 Iowa 463.  We conclude that the erasure of McConnell's
name, under the circumstances, did not invalidate the notes.

IV.   There is a claim that the appellant could not recover
without proof that he had paid out or parted with more than
his proportionate share of the amount of the notes, or that he

5. PARTNERSHIP:      had paid more than his just share of the indebt-
action by part-     edness of the partnership.  As to this, it is only
ner on segre-
gated matter:       necessary to say that the appellant's claim is
contribution:
adjustment.         not for contribution, by one who has paid an
obligation upon which another was also bound; nor is the action
one for an accounting between partners; but it is upon an ex-
press obligation of one partner to another, that has been segre-
gated by the parties from the partnership business.

No sufficient reason appears in the record for denying a
recovery upon the notes, and the court was in error in direct-
ing a verdict for the defendant.

V.   The question is raised, however, as to the amount to
which the appellant would be entitled, upon a recovery.  It is
obvious, since the payee is one of the makers of the notes, and
is also a member of the partnership, the apparent principal for
whose benefit the notes were given, that, if the estate should be
required to pay the full amount due on the notes, a right of
action for contribution would arise in favor of the estate, and
against appellant.  While, as mere sureties for the partnership,
the enforcement of the right of contribution would require the
appellant and the estate, as between themselves, to pay equally,
their interests in the partnership are not held in that propor-
tion.  Appellant concedes in argument that a right of contribu-
tion would so arise, and that the ultimate result that would .
thereby be reached may properly be arrived at in this action by
limiting a recovery to such an amount as the estate would fi-
nally, after contribution, be required to pay.  In view of this
concession, and the necessity for a retrial, we may say that, in
case of a recovery, the amount allowed on the claim should not
exceed such proportion of the amount found due on the notes
as the estate of Talbott has interest in the partnership.

The judgment is reversed and the cause remanded.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and STEVENS, JJ., concur.