LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Bank of Virginia

v.

Henry A. Vincent

November 16, 1966

Case No. A-8915

By JUDGE ALEX H. SANDS, JR.

On February 16, 1966, Henry A. Vincent, defendant, purchased from Murray Oldsmobile trading in as part of the purchase price therefor a 1956 Chevrolet and executing, as to the balance of the purchase price, an Installment Sales Agreement (hereinafter referred to as "Sales Agreement"). This Sales Agreement was subsequently purchased by Bank of Virginia, plaintiff herein, and all rights of Murray in the Sales Agreement and in the car covered thereby were acquired thereby by plaintiff.

On April 15, 1966, no payments having been made by defendant under the Sales Agreement and he therefore being in default, plaintiff repossessed the automobile. Upon the same date defendant executed an instrument entitled a "Repossessed Property Record and Sales Agreement" (hereinafter referred to as "Repossessed Agreement") under the pertinent provisions of which defendant acknowledged an indebtedness under the Sales Agreement of $1,190.00 and conferred upon plaintiff the right to resell the automobile at public or private sale upon specified conditions. This instrument, upon its face, is silent as to the question of notice.

Subsequent to April 15, 1966, plaintiff, without notice to defendant, disposed of the automobile at a private sale for $460.92, leaving a deficiency balance under the Installment Sales Agreement of $769.48 for which deficiency plaintiff then made demand upon defendant.

Defendant having refused payment, plaintiff instituted this action to recover of defendant the $769.48 deficiency. Defendant denied liability for such deficiency and moved for summary judgment upon the ground that he had received no notice of the sale and that the failure of plaintiff to give such notice relieved defendant of liability for any deficiency, under the Installment Sales Agreement, resulting from such sale.

Plaintiff, on the other hand, contends that the requirement for notice was waived by defendant when he executed the "Repossessed Property Record and Agreement."

## Issue

The sole issue upon which the defendant's motion for summary judgment must be decided is whether, by executing the Repossession Agreement, defendant waived the notice of sale which plaintiff would otherwise have been required to have given him.

## Opinion

This issue is, of course, controlled by the provisions of the Commercial Code, several sections of which have direct bearing upon the problem at hand. (This is specifically spelled out by the language of the Sales Agreement under "Conditions" where it is provided that upon the purchaser's default, seller "may exercise all rights granted under the Uniform Commercial Code or otherwise.") (Title 8.1 of the Code of Virginia). Code sec. 8.9-504, subsection (3), provides the method by which a secured party may dispose of collateral after default on the part of the debtor. This section provides, as a condition prece-

dent to the right of sale by the secured party, that he give to the debtor reasonable notice (a) of the time and place of a public sale, or (b) reasonable notice of the time after which any private sale will be consummated. The purpose of this safeguard to the rights of a debtor is crystal clear and has been recognized in this jurisdiction since an early date. Alex., Loud., etc. v. Burke, 63 Va. (22 Gratt.) 254 (1872).

Code sec. 8.9-501(3)(b) provides that the rights conferred upon a debtor under subsec. (3) of 8.9-504 (including the right to be notified of sale of collateral) may not be waived or varied except (a) as provided in subsection (1) of 8.9-505 with respect to compulsory disposition of collateral, (b) as provided in sec. 8.9-506 with respect to redemption of collateral, and (c) where the parties by agreement set forth the standards by which the fulfillment of the rights conferred upon the debtor and duties imposed upon the secured party are to be measured.

No one of these exceptions are applicable in the instant case for the following reasons:

Subsection (1) of 8.9-505 applies only to situations where a debtor has paid 60% of the purchase price of the consumer goods in question. The pleadings at bar show that no part of the purchase price had been paid by defendant at time of default.

Sec. 8.9-506 confers upon the debtor the right of redemption after default and prior to sale under the conditions therein set out. Defendant never sought to avail himself of the right of redemption conferred by this section and the question of redemption is not an issue in the case at bar.

The third exception, i.e. an agreement between the parties setting forth standards by which the fulfillment of the rights given by 8.9-504(3) are to be measured is, in fact, the basis of plaintiff's position. Plaintiff contends that the "Repossessed Property Record and Sales Agreement" (plaintiff's

exhibit # 2) constitutes such an agreement and has the effect of waiving the right to notice conferred by 8.9-504(3).

From an examination of plaintiff's exhibit # 2 it is apparent that it is designed to accomplish and does accomplish two things: (a) fixes the amount of the balance due by debtor at date of default, and (b) confers upon the plaintiff the right to resell the property upon the two conditions therein set forth. That portion of plaintiff's exhibit # 2 which confers the right of resale upon the plaintiff upon default, is no longer necessary under the provisions of Commercial Code adopted in Virginia as this right is specifically conferred upon the secured party by current sec. 8.9-504. Had the language of plaintiff's exhibit # 2 provided that resale could be had without notice, such language would not only have brought the case under exception (c) supra but such language would also have constituted a valid waiver of the notice provision under the general law in this jurisdiction. See Reid v. Windsor, 111 Va. 825, at p. 831 (1911). There is, however, no mention of notice anywhere to be found in plaintiff's exhibit # 2.

Neither under the facts alleged nor the exhibits filed by plaintiff has there been any waiver by defendant of the notice provision of sec. 8.9-504(3) even though such could be waived. See Universal C. I. T. v. Skeels, 222 F. Supp. 696 (W. D. Pa. 1963), and Associates Discount Corp. v. Cary, 262 N.Y.S.2d 646 (1965). It further appears that under the facts alleged and exhibits introduced by plaintiff, no valid waiver of the notice provision could have existed under the terms of 8.9-501(3).

For the above reasons defendant's motion for summary judgment upon the claim against him will be granted.

Defendant's counterclaim will be continued for such further proceedings as the parties may feel appropriate under sec. 8.9-507.