Charles. Vapereau, Appellee, v. Chester Holcombe, Appellant.

**Bills and Notes:**   contemporaneous agreement:   partnership.
In an action on a promissory note, given by plaintiff to defendant for his interest in joint property, with a contemporaneous agreement that in case the note was not paid, plaintiff might renew his right and interest in the goods, it is held that the fact that an unsettled partnership relation existed between the parties was not a defense to the note; that the maturity of the note did not of itself restore to plaintiff his interest in the property and relieve defendant of liability on the note; that there was no evidence of a resumption by plaintiff of a partnership interest in the property and that a verdict was properly directed in his favor.

*Appeal from Mills District Court.*—Hon. O. D. Wheeler, Judge.

Tuesday, January 26, 1904.

Action at law on a promissory note. Judgment on a directed verdict for plaintiff, and defendant appeals.— *Affirmed.*

*John Y. Stone* and *E. B. Woodruff* for appellant.

*Shirley Gilliland* and *L. T. Genung* for appellee.

Weaver, J.—The note in controversy is dated at Peking, China, and made payable to the order of plaintiff, in the city of New York, one year after date. The defendant's answer admits the making of the note, and avers that at the time of the delivery of said instrument, and as a part of the same transaction, plaintiff delivered to the defendant a writing as follows: "$3,000.00 U. S. Gold Coin. Received of Ches-

ter Holcombe by his note of hand, dated Peking, China, June 24th, 1896, and payable in one year from date, with interest at six per cent, per annum, at the office of the Hong-kong and Shanghai Banking Corporation, in the city of New York, United States of America, three thousand dollars, United States gold coin, in full payment of all my right, title and interest in any and all antique Chinese porcelains and jades in which I have or have had joint concern with him. This receipt is given with the mutual agreement and understanding that, in case the said amount of three thousand dollars, United States gold coin and interest, is not paid upon June 24th, 1897, I shall reserve and renew all and every right, title and interest which I have or have had in the antique porcelains and jades specified as aforesaid. Charles Vapereau." Indorsed across the instrument as follows: "I hereby accept the conditions stipulated in this receipt. Chester Holcombe." Defendant further alleges that prior to this transaction he and plaintiff had been in partnership in purchasing and shipping to the United States merchandise of the kind mentioned in the foregoing paper, and that at the end of one year from the date of the said promissory note he notified plaintiff of his inability to pay the same, and that "plaintiff thereafter made no claim to defendant that he intended or expected anything to be paid on said note, but resumed his place in the firm, and the partnership has not been dissolved, and still exists, and is not yet settled up." He further pleads that, at the time the note was given, the goods then on hand were in the possession of a commission firm in the city of New York, and before defendant could return to that city the commission firm failed, and, in some manner not fully known, the property was sold, lost, or destroyed, and became a total loss to plaintiff and defendant, without any fault on defendant's part. Other allegations of the answer are argumentative, merely, or the statement of legal conclusions as to the rights of the parties. In reply, plaintiff admits the execution and delivery of the writing set up in the answer, and says the same was intended as a security

to plaintiff for the payment of the note. He further says that the loss or destruction of the property, if any there was, took place after the sale to the defendant, and that on the maturity of the note there was nothing of value left which plaintiff could have retaken, had he so desired. As there was no demurrer to the answer, we may consider it, for the purposes of the appeal, as stating a good defense; and the only inquiry, therefore, is whether the record presents any evidence in its support upon which the case should have been submitted to the jury.

In addition to the note and the accompanying writing, the entire record of the evidence, as furnished by the appellant's abstract, is in the following words, setting forth a part of the deposition of the plaintiff: "I had business relations with defendant. They were made in September, 1886. The terms of the business were that I was to furnish money for purchasing, packing, and forwarding Chinese porcelains and jades; that defendant was to take them to the United States and sell them; that the first use of the proceeds was to refund me my outlay, and defendant his outlay; and the profits, if there were any, were to be equally divided between us. This arrangement continued right along till the note and contract were given. It was not in writing." It will be observed that this evidence reveals nothing whatever to show the truth of the allegation of the answer that after the maturity of the note there was a resumption of the alleged partnership relations between the parties, or of any waiver or relinquishment of the plaintiff's right to demand and enforce payment of said obligation. Neither, indeed, is there anything to show the alleged loss of the goods in New York; nor is there anything in this evidence, or in the writings themselves (except, perhaps, the very indefinite concessions made in the pleadings), to indicate that the goods in New York constituted all the property for which the note was given, or that, if these be lost, defendant may not yet have in China or elsewhere goods so obtained to the full value of the note in suit. The defend-

ant's claim, as we understand it, is substantially this: That the evidence shows a partnership existing between the parties up to the date of this note, and that the legal effect of the agreement between them in the so-called "receipt" is such that the failure of defendant to pay the note when due operated simply to restore to plaintiff his place and rights in the partnership, the same as if the sale or attempted sale to defendant had never been made, and the note thereupon became of no force and effect as an evidence of indebtedness. Appellant's argument is devoted principally to the proposition that prior to the date of the note the relation between the parties was that of partners.

Waiving any discussion of the proper definition or elements of partnership, we may assume the correctness of the appellant's contention in this respect without impeaching the correctness of the judgment below. The fact that there was a partnership between these parties, or that the affairs of such partnership are still unsettled, constitutes no defense to the note. It might possibly, under some circumstances, furnish a good ground for transferring the action to the equity calendar for the adjustment and settlement of all partnership claims and interests in one proceeding, but no such relief was here asked by either party. Nor is there any reason why, conceding the partnership, one partner may not sell to another all his interest in designated firm property, and thereby create an individual obligation on the part of the buyer which may be enforced at law. Assuming this to be true, let us ask whether there is anything in the terms of the receipt which serves to relieve the defendant in this case. It seems to us this writing clearly shows upon its face that it is nothing more nor less than a reservation by the seller of a right to secure and enforce the collection of the purchase-money debt by a seizure or reprisal of the property sold. It is not unlike the stipulation so frequently before the courts in contracts for the sale of both real and personal property, by which the seller reserves the title in himself till the price be paid, or by which, on default in payment, the buyer holds the

property in trust for the seller. In none of these, so far as we now recall, has it ever been held that a buyer may relieve himself from all personal liability by inviting the seller to enforce his security, or "resume" the possession of the property which has perished in the buyer's hands. Indeed, an indebtedness from which the debtor may be discharged by simply refusing to pay would be of such anomalous, if not impossible, character, that the intention to that effect must be very clearly expressed to justify any such inference by the courts. For a general discussion of conditional sales of personal property, and absolute sales with reservation of lien to secure the price, see 1 Mechem on Sales, sections 537-650. The record of the case at bar discloses nothing which would have justified the jury in refusing to find for the plaintiff, and there was no error in directing a verdict.

The judgment of the district court is AFFIRMED.