W. H. Beverstock, doing business as Home Lumber Yard, Appellant, v. L. E. Johns, Appellee.

No. 46266.

JULY 27, 1943.

E. K. Jones, of Osceola, P. H. Frank, and McCoy & Beecher, all of Waterloo, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellee.

MILLER, J.—Plaintiff's petition, as amended, asserts that he is the absolute and unqualified owner of a Chevrolet sedan, acquired by purchase on January 10, 1942; defendant wrongfully retains possession thereof; its value is $900; plaintiff has been damaged in the sum of $50. The prayer was for a writ of replevin, judgment for possession of the automobile or for damages. The answer asserts a general denial except that the value of the sedan is alleged to be $1,000. In a separate division, the answer also asserts that plaintiff and defendant are partners at Webster City, Iowa, operating the Home Lumber Yard; the partnership owns the sedan; the partnership has not been dissolved; no partnership accounting has been had; defendant has the same right of ownership and possession of the sedan as plaintiff and had possession of it when it was seized under a writ of replevin herein. The prayer was that the action be

dismissed, the automobile be returned to defendant, or, if that cannot be done, that defendant have judgment for its value.

The cause was tried to a jury. At the close of plaintiff's evidence, the court directed a verdict for the defendant and entered judgment in favor of defendant and against plaintiff and the sureties on the replevin bond in the sum of $900 as the value of the automobile. Motion for new trial was filed and overruled. Plaintiff appeals to this court.

Plaintiff challenges the direction of a verdict for defendant and the exclusion from evidence of Exhibit 1, a bill of sale relied upon by plaintiff. We will consider such contentions together.

Plaintiff testified that in June 1939, he and defendant made an oral contract of partnership for the operation of the Home Lumber Yard at Webster City; defendant was to operate the yard; plaintiff was to receive interest on his investment; defendant was to receive a salary; they were to divide profits and losses equally; defendant brought a car to Webster City; it was traded in on a Chevrolet automobile; the firm paid the balance on the new car; this car was traded in later on the Chevrolet sedan in question; this sedan was owned by the partnership; at the time of the commencement of the action the sedan was registered in the name of the Home Lumber Yard; title to the sedan stood in the name of Home Lumber Yard until it was sold by plaintiff after levy of a writ of replevin herein; in January 1942, plaintiff and defendant made a settlement of the firm's affairs at Webster City; there was no formal dissolution, no notices given to the public; plaintiff is now the owner of the Home Lumber Yard and operates it under that name.

Plaintiff identified Exhibit 1 as a copy of a bill of sale that was executed by defendant and his wife about January 10, 1942. E. P. Prince, a lawyer of Webster City, testified that he represented plaintiff during the negotiations with defendant in January 1942, and prepared the original of which Exhibit 1 is a copy, certified by the recorder of Hamilton county; the original is on file in that office; Prince saw the original signed in his office.

Exhibit 1 was offered in evidence. It is entitled "Bill of Sale," and provides:

"That we, L. E. Johns and Veva A. Johns, his wife, of the County of Hamilton and State of Iowa, in consideration of the sum of One Dollar and other good and valuable considerations, to us in hand paid by W. H. Beverstock of Black Hawk County, Iowa, party of the second part, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do GRANT AND CONVEY unto the said party of the second part, his heirs, assigns, etc., all our right, title, and interest in and to the following Goods and Chattels, to-wit:

"All coal, lumber, paint, fencing, builders hardware, cement and all other miscellaneous building material items as more particularly described in Inventory of December 31st, 1942, amounting to a total sum of $25,460.48.

"Buildings, Yard Improvements, 3 Trucks, Furniture, fixtures, and other equipment as more particularly set forth in Inventory of December 31st, 1940, amounting to $11,046.85.

"Cash in First State Bank of Webster City, Iowa and in Office Cash Drawer, amounting to $397.41 as of December 31, 1941.

"Accounts receivable as of December 31st, 1941, amounting to $11,146.26 as submitted by Dale Johns' Trial Balance at the close of the year.

"Also, a special cash advance as of December 31st, 1941, submitted by L. E. Johns, totaling $1,990.73, which is also listed as accounts receivable, as follows:

| | |
|---|---|
| Mark Bishop | $ 28.50 |
| J. J. Sprague | .50 |
| Sidewalks | 89.44 |
| Wauneta Heights Lots | 655.26 |
| John Hanna house | 222.77 |
| L. E. Johns | 994.26 |

"It is understood that it is the intention of the said L. E. Johns to convey all his right, title, and interest in and to the property owned by L. E. Johns and W. H. Beverstock and the business conducted by them and known as the Home Lumber Yard and that all additions to the Inventory, Accounts Re-

ceivable, Cash Account, special L. E. Johns Account, buildings, equipment, trucks, etc., shall be considered as covered by this conveyance.

"All of the above described property being located on Lot 16, Block 96, Dubuque and Pacific Railroad Addition to Webster City, Iowa, except Eight Feet off the South end thereof for Street purposes and all adjoining land leased from the Chicago & Northwestern Railroad Company, used in connection with the Home Lumber Yard.

"To HAVE AND TO HOLD the same forever; and we, the said parties of the First Part, will forever Warrant and Defend the same against all persons whomsoever."

The foregoing is signed by L. E. Johns and Veva A. Johns, acknowledged by them, stamped "Filed for record" February 7, 1942, and is certified by the recorder as follows:

"I, Arthur L. Nelson, Recorder in and for Hamilton County, Iowa, hereby certify that the within Bill of Sale is a true copy as the same appears of record in my office in Book 29, Page 161, of the Records of said County this 14 day of May A. D., 1942.

Arthur L. Nelson,<br>County Recorder of Hamilton County, Iowa."

Defendant objected to the introduction of Exhibit 1 because it is not the best evidence, is incompetent, irrelevant, and immaterial to the issues in the case, does not describe the automobile and could not be the basis for recovery herein; the evidence shows that the partnership has not been dissolved; the sedan is owned by the partnership; the exhibit does not give the plaintiff title to the automobile; it is not properly certified, and is incompetent, irrelevant, and immaterial in view of the evidence in the case. The objections were sustained and the exhibit was excluded. We hold that the ruling was erroneous.

Plaintiff had testified on cross-examination that he made a "settlement of this partnership affair" with defendant at Webster City in January (1942). He had also testified on redirect examination, objections being overruled, that he now operates the Home Lumber Yard and is the owner thereof. He had

also testified on cross-examination that the automobile was owned by the partnership and the title thereto stood in the name of the Home Lumber Yard from January 1942, until it was sold after levy of a writ of replevin herein. Exhibit 1 is obviously a part of the settlement whereby plaintiff became the owner and operator of the business that had been owned and operated by the partnership.

While Exhibit 1 does not specifically identify the automobile, it does provide, as above quoted, to wit:

"It is understood that it is the intention of the said L. E. Johns to convey all his right, title, and interest in and to the property owned by L. E. Johns and W. H. Beverstock and the business conducted by them and known as the Home Lumber Yard and that all additions to the Inventory, Accounts Receivable, Cash Account, special L. E. Johns Account, buildings, equipment, trucks, etc., shall be considered as covered by this conveyance."

We are satisfied that, under the record, Exhibit 1 was admissible. Although it is but a copy, the certificate of the recorder makes it admissible under section 10026, Code, 1939, which provides:

"A copy of such original instrument, duly certified by the county recorder in whose office the same shall have been filed, shall be received in evidence in all suits to which it may be applicable."

While not specifically referring to the automobile, the language of the exhibit last above quoted is sufficient to include it if it had been partnership property. The answer asserts that it was partnership property, as does the objection to the exhibit. The plaintiff testified that it was owned by the partnership and the registration of title in the name of the firm further sustains the theory. If, as stated in Exhibit 1, all of the assets of the firm were conveyed to plaintiff and the automobile was one of said assets, then Exhibit 1 is evidence of title to the automobile in the plaintiff. It should have been admitted in evidence.

■ Defendant relies upon the case of Kuhn v. Newman, 49 Iowa 424, wherein we held that one partner could not maintain an action of replevin against another partner for assets of the partnership prior to a settlement and adjustment between the partners. The case is not in point. There is evidence here of a settlement and adjustment between the partners which was absent there. In that case we held that an action of replevin could not be made the basis for an accounting between partners. That is not the situation here. The question herein is the effect to be given a settlement that has been made.

In Ristine v. Ruml, 197 Iowa 1193, 1202, 197 N. W. 27, 30, we refused to entertain an action for an accounting where the basis for recovery was a due bill assigned to one of the partners to cover an overdraft by the other partner, stating as follows:

"The case falls within the rule that where, by agreement of the parties, one partner has entered into an obligation to a copartner, even though the transaction grows out of the partnership business, it is so far severed or segregated therefrom that an action at law may be brought upon it before the dissolution of the partnership."

The foregoing pronouncement was followed in the case of In re Estate of Talbott, 200 Iowa 585, 590, 591, 203 N. W. 303, 306, wherein we state:

"It is contended that, as the notes grew out of partnership affairs, no action could be brought upon them by one partner against another until there had been an accounting or settlement of the partnership. It is a well recognized exception to the rule contended for, that, where the liability has been made the subject of an express contract, or has been segregated from the partnership business, an action at law by one partner against another may be maintained thereon without a settlement or an accounting of the partnership business. Newberry v. Gibson, 125 Iowa 575; Vapereau v. Holcombe, 122 Iowa 406; Ristine v. Ruml, 197 Iowa 1193. * * *

"The conclusion reached and the cases there cited sustain appellant's right to recover in this action."

758

In the case of Vapereau v. Holcombe, 122 Iowa 406, 409, 98 N. W. 279, 280, above cited, we state:

"Nor is there any reason why, conceding the partnership; one partner may not sell to another all his interest in designated firm property, and thereby create an individual obligation on the part of the buyer which may be enforced at law."

■ The evidence herein was sufficient to make out a prima facie case of an express contract between partners that is enforceable at law. The evidence was sufficient to sustain a verdict for plaintiff. The direction of a verdict for defendant was erroneous.

Other propositions are argued in the briefs. In view of the foregoing conclusions, we need not discuss or decide them. The cause must be and it is—Reversed.

MULRONEY, C. J., and GARFIELD, HALE, SMITH, WENNER-STRUM, MANTZ, and BLISS, JJ., concur.